403 N.E.2d 1110 (1980)
INDIANA DEPARTMENT OF PUBLIC WELFARE; MUTUAL HOSPITAL INSURANCE, Inc.; Mutual Medical Insurance, Inc., Appellant-Respondent,
v.
Robert L. RYNARD, d/b/a Rural Nursing Home, Riley Nursing Home, Delaware Nursing Home, Crestview Nursing Home, Appellee-Petitioner.
No. 1-879A226.
Court of Appeals of Indiana, First District.
May 7, 1980.
Rehearing Denied June 12, 1980.
Theodore L. Sendak, Atty. Gen., Gary R. Brock, Deputy Atty. Gen., Indianapolis, for appellant.
Michael R. Franceschini and David F. McNamar, Steers, Sullivan, McNamar & Rogers, Indianapolis, for appellee-petitioner.

ON THE APPELLEE'S MOTION TO AFFIRM
PER CURIAM.
This cause is pending before the Court on the motion of the appellant Indiana Department *1111 of Public Welfare to Dismiss Verified Petition for Judicial Review, or Remand to Circuit Court, and for an Emergency Extension of Time to File Brief of Appellant, and on the Appellee's Response to Appellant's Motion and Appellee's Motion to Affirm.

NATURE OF THE ACTION AND PROCEEDINGS IN THE TRIAL COURT
This was an action in the trial court by Petitioner-appellee Rynard (lessee and administrator of the four named nursing homes) for judicial review of the order of the Respondent-appellant Indiana Department of Public Welfare determining the rates which nursing homes may charge for medicaid patients based on guidelines published by Mutual Hospital Insurance, Inc., and Mutual Medical Insurance, Inc. On judicial review, the trial court reversed the decision of the Indiana Department of Public Welfare and remanded to the Department for rehearing. This judgment was entered February 16, 1978, and was not appealed.
Thereafter, on October 30, 1978, petitioner Rynard filed in the trial court, under the same cause number as the previous proceedings, his Petition to Re-open and for Additional Hearing, alleging that upon remand the Department had ignored the decision of the court and had re-entered its prior order. Petitioner prayed for the full rates due to him, damages, interest, punitive damages, costs and attorneys fees. The petitioner also filed his Motion for Summary Judgment, alleging there was no question of fact to be resolved, and that the court was merely requested to enforce its previous judgment. The motion was supported by the affidavit of Rynard showing the amounts of rates and interest on the rates due to him from the Department on the four nursing homes he operated.
On February 15, 1979, the court entered judgment for Petitioner-appellee Rynard in the amount of $252,190.46 plus interest at 8% in the amount of $20,888.50, and remanded the case to the Department with orders to respondent to make payment to the petitioner forthwith, and to adjust petitioner's future rates to reflect this judgment. The Indiana Department of Public Welfare appeals.

THE PLEADINGS BEFORE THE COURT OF APPEALS

I.

APPELLANT'S VERIFIED MOTION TO DISMISS VERIFIED PETITION FOR JUDICIAL REVIEW OR REMAND CASE TO TRIAL COURT AND FOR EMERGENCY EXTENSION OF TIME TO FILE BRIEF OF APPELLANT
The appellant had sought and obtained a thirty-day extension of time within which to file its brief. On the thirtieth day of the extended time, instead of filing its brief, the appellant filed its Motion to Dismiss Petition for Judicial Review, in which the appellant alleged that the transcripts of the administrative hearings were never filed in the trial court, therefore the trial court did not have jurisdiction of the petition for judicial review. Appellant further alleged that the trial court conducted its review de novo in violation of the statute pertaining to judicial review of decisions of administrative agencies.
Our review of the record does not support the appellant's allegations.
At pp. 121-123 of the record we find the order book entry of August 5, 1977, which reads in part:
"The petitioner now submits its case to the court on the transcript of proceedings before the Administrative Board, and rests. Defendants presents no evidence at this time and rest... ."
The court then ordered both parties to file briefs.
The petitioner Rynard filed his brief on September 15, 1977, which is contained at pp. 124-133 of the record. The petitioner's brief contains multiple references to specific page numbers in and quotations from the transcript.
*1112 The respondent Indiana Department of Public Welfare filed its brief on October 18, 1977, which is contained in the record at pp. 111-119. It too contains multiple references to specific page numbers in and quotations from the transcript.
The trial court's findings of fact which were a part of the original judgment entered in 1978 and which appear at pp. 73-81 of the record, make specific references to the testimony of various witnesses contained in the transcript.
The trial court's Judgment Entry and Order, entered February 15, 1979, which is the subject of this appeal and which appears at pp. 26-28 of the record, makes reference to the record, and also recites that "The Court restates its prior Findings of Fact and Conclusions of Law heretofore entered February 16, 1978." Those prior findings did make specific reference to testimony in the record as pointed out above.
Finally, in the Statement of Facts and Grounds Supporting Defendant's (appellant's) Motion to Correct Errors, which appears at pp. 16-17 of the record, the appellant itself makes reference to the record of the first administrative hearing by specific page numbers and also makes reference to the record of the second administrative hearing.
Given all of the specific references in the record now before us to the transcripts/records of the administrative hearings, particularly in the Statement of Facts and Grounds in Support of Appellant's own Motion to Correct Errors, it is obvious that the transcripts of the administrative hearings were before the trial court and that the trial court did not conduct its judicial review de novo. It is inconceivable to us that the appellant could now assert that these transcripts were not a part of the record before the trial court, particularly in view of the references to them contained in the appellant's brief in the trial court and in the appellant's own Statement of Facts and Grounds in Support of its Motion to Correct Errors.
The Appellant's Verified Motion to Dismiss Verified Petition for Judicial Review or Remand to Circuit Court, for an Emergency Extension of Time to File Brief of Appellant is denied in all respects.

II.

THE APPELLEE'S VERIFIED RESPONSE TO APPELLANT'S MOTION TO DISMISS AND APPELLEE'S MOTION TO AFFIRM
The appellee's motion asserts that the transcripts of the administrative hearings were in fact filed in the trial court, but that even if they had not been so filed, the appellant would have waived that defect in the record by its failure to raise that issue in its motion to correct errors. The appellee further alleges that the appellant has failed to file a proper record in this appeal in that it has not included in the record the transcripts of the administrative hearings. Lastly, the appellee contends that the appellant's motion discussed in part I above is a spurious, dilatory motion, is not verified as required by Appellate Rule 14 for extensions of time, is without any factual foundation, was filed merely for the purpose of delay, and thus constitutes harassment and vexatious litigation. The appellee prays for ten percent (10%) damages.
In his Brief in Support of Request for Damages, appellee enlarges on his allegation that the actions of the appellant show gross bad faith, delay and harassment by pointing out that the appellant did not appeal the original judgment, but allowed the case to be remanded to the administrative body for further proceedings. Thus, the appellee has twice been before the welfare board and twice before the Hancock Circuit Court, and still he has not had the benefit of the original judgment awarded to him.

III.
Our examination of the record discloses two further reasons for affirmance of the trial court's judgment.
First, the motion to correct errors and its accompanying statement of facts *1113 and grounds are totally insufficient to present any error to the trial court or to preserve any error for appeal. Specifically, paragraphs 1, 2 and 3 of the motion are addressed to alleged errors in the 1978 judgment, long after the time had expired to appeal the 1978 judgment. Paragraphs 4 and 5 of the motion are merely bald assertions of error, and the statement of facts and grounds on those two paragraphs of the motion does not further explain or argue the claimed errors and there are no references to any legal authorities.
Both the Supreme Court of Indiana and this Court have written repeatedly to the requirement of specific assertions in the motion to correct errors. For example, in Johnson v. State (1975), Ind. App., 338 N.E.2d 680 at 682, we stated:
"The requirement of specificity contained in TR. 59(B) and echoed by TR. 59(G) should be notorious by now. Not only must the alleged error be specifically set out, but also the facts and grounds in support of the claimed error must be discussed with enough particularity that the trial court may be made aware of the exact legal issue involved. Failure to comply waives any claimed error except sufficiency of the evidence, pursuant to TR. 50(A)(5)."
The sanction imposed for the failure of the motion to correct errors to comply with the requirements of Trial Rule 59 is waiver of the claimed errors. The appellant has totally failed to present any issue for review.
Second, our review of the record discloses that judgment was entered for the petitioner-appellee on his Motion for Summary Judgment and Affidavit in Support. The record does not contain any response or opposition to appellee's motion for summary judgment. The record shows that counsel for the defendant-appellant waived a hearing on plaintiff's motion and consented to the court ruling on the plaintiff's motion for summary judgment. R. p. 18. The lack of opposition by the defendant to the plaintiff's motion is tantamount to acquiescing in summary judgment being entered for the plaintiff. Trial Rule 56(E). That being the case, defendant-appellant waived any right to appeal from that judgment and this attempted appeal is totally unwarranted.
After reviewing all of the circumstances surrounding this litigation, we are compelled to the conclusion that this attempted appeal is wholly without merit.
In considering that the defendant-appellant filed no opposition to plaintiff's motion for summary judgment, thus allowing judgment to be entered for the plaintiff; in considering that the motion to correct errors is fatally defective; in considering that appellant now urges that the trial court lacked subject matter jurisdiction because the transcripts of the administrative hearings were not before the trial court, when in fact the appellant's own original trial court brief and its statement of facts and grounds in support of its motion to correct errors make specific references to those transcripts; in considering that counsel for appellant did not discover or attempt to correct the alleged defects in the record until after the record of the proceedings was filed with this Court, until after the original thirty days for filing its brief had expired and only on the last day of a thirty-day extension of time for filing its brief, it does indeed appear that this attempted appeal is vexatious litigation. The plaintiff-appellee has been deprived of the benefits of the judgment entered in his favor, by reason of this no merit appeal. We thus find that the appellee's Motion to Affirm and the appellee's request for ten percent (10%) damages should be granted.
The appellee's Motion to Affirm and request for damages is granted. The judgment is affirmed with ten percent (10%) damages, and this cause is remanded to the Hancock Circuit Court for execution in accordance with Appellate Rule 15(G).