INDIANA DEPARTMENT OF PUBLIC WELFARE; Mutual Hospital Insurance, Inc.; Mutual Medical Insurance, Inc., Appellants-Respondents,

v.

Robert L. RYNARD, d/b/a Rural Nursing Home, Riley Nursing Home, Delaware Nursing Home, Crestview Nursing Home, Appellees-Petitioners.

No. 281S28.

Supreme Court of Indiana.

Feb. 10, 1981.

ORDER
GRANTING APPELLANTS' "PETITION FOR TRANSFER" WITH INSTRUCTIONS.

COMES NOW the Appellant, Indiana Department of Public Welfare, and files its "Petition for Transfer" raising the issue concerning the appropriateness of granting ten-per-cent (10%) damages payable from State funds which punitive damages were affirmed by the Court of Appeals in its opinion of May 7, 1980, 403 N.E.2d 1110, basing such Petition for Transfer upon a later decision by the Supreme Court of Indiana in the case of *State of Indiana v. Denny*, 273 Ind. 556, 406 N.E.2d 240, June 26, 1980; this Court has carefully considered that contention by the Attorney General as presented in its said "Petition for Transfer" and finds that, solely upon such basis, said Petition for Transfer should be granted. This Court notes that the Court of Appeals' opinion in this case was rendered on May 7, 1980, and that subsequent thereto on June 26, 1980 this Court clearly stated in its opinion in the *Denny* case that an Appellate Rule 15(G) penalty cannot be imposed against the State holding:

—*State of Indiana v. Denny* (1980), 273 Ind. 556, 406 N.E.2d 240, 241, held:

It is also noted that under the common law principles, such an award would have been questionable and that the common law in this area has been superseded by Indiana Code § 34–4–16.5–4, which states in part: "A governmental entity is not liable for punitive damages."

It may be contended that this provision is not applicable to this case in that it is a part of the Indiana Tort Claims Act. *Nonetheless, the concept of the State not having a state of mind or not being deterred by punitive damages should be the basis for the prohibition of such punitive damages in all cases applicable to the State. Such Act should be considered as a statement of public policy by the legislature that the State is not to be considered as being liable for punitive damages in cases such as this.*—(Emphasis Supplied).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that upon the receipt of this case by the Court of Appeals from the GRANTING of the State's "Petition for Transfer" that said Court of Appeals is hereby directed to expunge from its order that part thereof which awarded ten-per-cent (10%) damages against the State of Indiana, but that, in all other respects, the decision by the Court of Appeals dated May 7, 1980 is hereby AFFIRMED after the expungement of the penalty heretofore referred to.

All Justices concur, excepting only DeBRULER, J.