**Paula K. ORR, Guardian of the Estate of Nicolette Leeann Orr, Appellant (Plaintiff Below),**

v.

**TURCO MANUFACTURING COMPANY, INC., Appellee (Defendant Below).**

No. 4–1084A292.

Court of Appeals of Indiana, Fourth District.

Aug. 6, 1986.

Rehearing Denied Sept. 16, 1986.

Michael S. Miller, Mendelson, Kennedy, Miller, Muller & Hall, Indianapolis, for appellant.

Peter G. Tamulonis, Kightlinger Young Gray & DeTrude, Indianapolis, for appellee.

## OPINION ON MOTION TO ASSESS ATTORNEY FEES

CONOVER, Judge.

Defendant-Appellee Turco Manufacturing Company, Inc. (Turco) filed a motion to assess attorney fees against Plaintiff-Appellant Paula K. Orr (Orr) prior to the rendition of our original opinion in this cause which appears at 484 N.E.2d 1300. Turco now files a pleading entitled Notice of Exhaustion of Appellate Proceedings and Request for Ruling on Motion for Attorney's Fees. Orr's Petition for Rehearing was denied on December 20, 1985, and our Supreme Court denied transfer on March 27, 1986.

■ Orr now argues Turco waived any claim for attorney's fees by failing to file a petition for rehearing when we did not address the motion in our original opinion,

claiming we implicitly denied such motion by not addressing it therein. Orr, however, cites no authority for this contention. We did not address Turco's motion in our original opinion because consideration of it at that time would have been premature. Turco's motion was not ripe for consideration until Orr had exhausted her right to appellate review at all stages of that proceeding. Now she has done so. Because her right of appellate review has run its course, we are in a position to properly consider Turco's motion for assessment of attorney fees.

■ Generally, in the absence of a statute or agreement to the contrary, each party must bear the cost of his own attorney fees. *Briggs v. Clinton County Bank & Trust Co.* (1983), Ind.App., 452 N.E.2d 989, 1014. However, a discretionary award of damages is appropriate when the appeal is

a) frivolous,

b) taken in bad faith,

c) taken for purposes of harassment, vexation, or delay, or

d) the issues presented are wholly without substance or merit.

*Id.*, at 1014; *In re: Estate of Watson* (1983), Ind.App., 449 N.E.2d 1156; Ind. Rules of Procedure, Appellate Rule 15(G). A strong showing is required to justify an award of attorney fees as damages under A.R. 15(G). Such an award is punitive, but is also designed to reimburse a prevailing party who has been unduly subjected to great expense. *Briggs*, 452 N.E.2d at 1014, and cases cited therein. Since 1853, it has been the rule in Indiana a discretionary award of damages is proper where an appeal is frivolous or without substance or merit. *Marshall v. Reeves* (1974), 262 Ind. 403, 316 N.E.2d 828, 830; *Marks v. Bremmer* (1917), 186 Ind. 434, 116 N.E. 738, 739; *Millard v. President, etc., a Bank of Kentucky* (1874), 49 Ind. 204, 205; *O'Brien v. White* (1873), 44 Ind. 472, 473; *Osburn v. State ex rel Auditor of Delaware County* (1853), 4 Ind. 620, 621.

■ When exercising this court's discretionary power to award damages on appeal, we are careful not to do so unless the case before us clearly warrants such action. We do not intend to chill any potential litigant's constitutional right to appellate review, *Briggs*, 452 N.E.2d at 1015; *Ind. Const.* Art. 1, § 12. Thus, sanctions are imposed only in clear cases.

■ The fact an appellant loses an appeal is not in itself justification for the imposition of sanctions under A.R. 15(G). Meritlessness, bad faith, frivolity, harrassment, vexatiousness, or purpose of delay must permeate an appeal before sanctions will be imposed. We believe the United States Court of Appeals for the Seventh Circuit has cogently and persuasively stated the conditions under which sanctions by way of attorney fees will be assessed when courts on appeal are faced with appeals of the kind now before us. Recently, that court said

> While a frivolous appeal means something more than an unsuccessful appeal, the law may be so clear and well established that persistence in a course of litigation could be evidence of bad faith. *N.L.R.B. v. Lucy Ellen Candy Division of F & F Laboratories, Inc.*, 517 F.2d 551, 555 (7th Cir.1975). In *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263 at 1269–1270 (7th Cir.1983), this Court held that insistence on litigating a question in the face of controlling precedents which removed every colorable basis in law for the litigant's position amounted to bad faith justifying an award of fees.

*Reid v. United States* (7th Cir.1983), 715 F.2d 1148, 1154. While the federal system provides for such sanctions by statute, we believe our fundamental reasoning for imposing sanctions by way of attorney fees under Ind.Rules of Procedure, Appellate Rule 15(G) coincide with those stated by the federal courts of appeal.

■ We believe an award of attorney fees in this appeal is appropriate. Here, Orr attempted to challenge the statute of limitations section of Indiana's Product Liability statute (IND.CODE 33–1–1.5–5),

claiming that section did not apply to persons with minority status established by IC 34-1-2-5. The very language of the challenged section clearly and without equivocation states its applicability in this regard. It provides, in part

This section applies to all persons *regardless of minority or legal disability. Notwithstanding IC 34-1-2-5* any product liability action must be brought within two (2) years ...

We can imagine no clearer or more concise statement of the applicability of a statute to minors. To bring such an issue on appeal goes beyond mere speciousness and amounts to bad faith. To be specious, the issue must at least appear on its face to have some merit. This "issue" does not even have the slightest appearance of merit. It is totally and absolutely meritless.

Orr also attacked IC 33-1-1.5-1 as it applies to minors as unconstitutional under Article 1, Section 12 of the Indiana Constitution. This issue is also wholly meritless and without substance. In fact, Orr in her brief acknowledged the holdings of our Supreme Court which state "[w]e hold that the Product Liability Act (specifically, IC 33-1-1.5-1) does not contravene article one, section twelve of the Indiana Constitution", *Dague v. Piper Aircraft Corp.* (1981), 275 Ind. 520, 530, 418 N.E.2d 207, 213, and "... the Legislature is not under mandate from the constitution to suspend the obligation of statutes of limitation in the case of infancy or incapacity." *Rohrabaugh v. Wagoner* (1980), 274 Ind. 661, 664, 413 N.E.2d 981, 983.

■ After recognizing these ruling precedents, Orr made no attempt to distinguish them. It is readily apparent Orr could not in good faith argue to the contrary with any hope of success on appeal. In this regard, the United States Court of Appeals for the Tenth Circuit recently said

[Plaintiff] makes no reasoned argument why either Congress or the Supreme Court is likely to alter this well-established doctrine. We therefore find the appeal in this case to be legally frivolous. *See, Gattuso v. Pecorella* 733

F.2d 709, 710 (9th Cir.1984) (an appeal is frivolous where "the result is obvious and the arguments of error are wholly without merit").

*Federal Deposit Insurance Corp. v. Van Laanen* (10th Cir.1985) 769 F.2d 666, 667. The same is true in Indiana. An appellant must make *some* reasoned argument why our legislature or our Supreme Court is likely to alter the clear language and meaning of a statute, there must reasonably be some faint glimmer of hope the appeal will be successful to forestall the imposition of sanctions. Further, the Ethical Considerations announced in Indiana's Code of Professional Responsibility looks with disfavor upon the institution of frivolous appeals. That code at section EC 7-4 states

The advocate may urge any permissible construction of the law favorable to his client, without regard to his professional opinion as to the likelihood that the construction will ultimately prevail. His conduct is within the bounds of the law, and therefore permissible, if the position taken is supported by the law or is supportable by a good faith argument for an extension, modification, or reversal of the law. *However, a lawyer is not justified in asserting a position in litigation that is frivolous.* (Emphasis supplied).

■ While an attorney is bound to represent his client zealously within the bounds of the law, the issues he presents on appeal on behalf of his client must have at least a scintilla of merit. The arguments raised by Orr in this appeal clearly had none. In a word, this appeal was wholly meritless from the outset.

■ Finding Orr's appeal to be frivolous because wholly without merit, and thus presumptively taken in bad faith, we turn to the question of the damages to be imposed upon Orr. Turco has submitted sworn and verified affidavits as to the services performed by its attorneys in this appeal valued at $3,697.45. This figure is supported by copies of time sheets alleged to have been made contemporaneously in

the regular course of its attorneys' business, but Orr has not been heard on this subject. We believe she must be afforded an opportunity to present countervailing evidence.

■ Clearly, this court is not is a position to determine what a reasonable fee for such services would be, based on the rates for such services prevailing in Hamilton County from which this appeal originates. The trial court is, however.

We retain jurisdiction of this appeal, but appoint the Hamilton Superior Court as our commissioner to determine the reasonable value of the services rendered Turco by its attorneys in this appeal. That court is ordered to

1) after due notice to the parties, hold a hearing on that question,

2) thereafter, make specific findings of fact, and a recommendation as to what a reasonable attorney fee for the services rendered Turco in this appeal would be, based upon the usual and customary rates prevailing in Hamilton County,

all within 30 days from the date of this opinion. The parties thereafter shall have 30 days to file written objections to the trial court's findings or recommendation.

Thereafter, the trial court shall certify its findings and recommendation, the written objections thereto, if any, and file the same with the clerk of this Court within 15 days from the date the last objections are filed, or the close of the 30 day period provided for such filings, whichever shall first occur.

MILLER, J., and YOUNG, P.J., concur.