Paula K. ORR, Guardian of the Estate
of Nicolette Leeann Orr,
Plaintiff-Appellant,

v.

TURCO MANUFACTURING COMPANY,
INC., Defendant-Appellee.

No. 29S04–8708–CV–769.

Supreme Court of Indiana.

Aug. 25, 1987.

John Muller, James C. Holland, Mendelson, Kennedy, Miller, Muller & Hall, Indianapolis, for plaintiff-appellant.

Peter G. Tamulonis, Kightlinger Young Gray & De Trude, Indianapolis, for defendant-appellee.

## ON CIVIL PETITION TO TRANSFER

DICKSON, Justice.

With this case we must address and balance the relationship between two countervailing considerations; a) the need to discourage abuse of appellate review which wastes limited judicial resources, and b) the chilling effect of sanctions upon legitimate and desirable appellate advocacy.

Appellant Paula K. Orr (Orr) originally filed a products liability suit on behalf of her minor daughter, seeking damages for injuries sustained while playing on a swingset manufactured by defendant-appellee Turco Manufacturing Company, Inc. (Turco). The trial court granted summary judgment, strictly applying the two year products liability statute of limitations, Ind. Code § 33–1–1.5–5. In its original opinion, which appears at 484 N.E.2d 1300, the Court of Appeals affirmed the trial court, but failed to address Turco's motion for attorney fees. This Court denied appellant's petition to transfer, whereupon the Court of Appeals issued an additional opinion, which appears at 496 N.E.2d 115, finding Orr's appeal to be "frivolous because wholly without merit, and thus presumptively taken in bad faith," 496 N.E.2d at 118, and imposed damages against the appellant pursuant to Appellate Rule 15(G) of the Indiana Rules of Procedure. Appellant's petition to transfer seeks our review of this decision.

The Rules of Appellate Procedure do not express any standard to determine whether appellate damages are appropriate.[1] AR 15(G) simply provides:

> If the court on appeal affirms the judgment, damages may be assessed in favor of the appellee not exceeding ten percent (10%) upon the judgment, in money judgments, and in other cases in the discretion of the court; and the court shall remand such cause for execution.

In general, a discretionary award of damages has been recognized as proper when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Briggs v. Clinton County Bank & Trust Co.* (1983), Ind. App., 452 N.E.2d 989, 1014. *See also In re Guardianship of Posey v. Lafayette Bank & Trust Co.* (1987), Ind., 512 N.E.2d 155; *Marshall v. Reeves* (1974), 262 Ind. 403, 316 N.E.2d 828; *Annee v. State* (1971), 256 Ind. 686, 274 N.E.2d 260 (on rehearing); *Matter of Watson* (1983), Ind.App., 449 N.E.2d 1156; *Sandock v. Taylor Const. Co.* (1981), Ind.App., 416 N.E.2d 882; *Vandalia Railroad Co. v. Walsh* (1909), 44 Ind.App. 297, 89 N.E. 320.

However, in exercising its discretionary power to award damages on appeal, an appellate tribunal must use extreme restraint. Notwithstanding the harmful delay occasioned by crowded judicial dockets and limited resources, we cannot fail to recognize that the imposition of punitive sanctions does have significant negative consequences. It may punish, and will deter, the proper exercise of a lawyer's professional responsibility to argue for modification or reversal of existing law. It will have a chilling effect upon the exercise of the right to appeal. It will discourage innovation and inhibit the opportunity for periodic reevaluation of controlling precedent.

At the time of this appeal, the actions of appellate counsel fell within the Code of

---

1. While not raised on this appeal, we note that in 1986 the legislature enacted the following provision, Ind.Code § 34–1–32–1(b):

   In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if it finds that either party:

   (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
   (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
   (3) litigated the action in bad faith.

Professional Responsibility.[2] Canon 7 demanded that "A Lawyer Should Represent a Client Zealously Within the Bounds of the Law." Under Disciplinary Rule 7–102(A)(2), a lawyer was prohibited from advancing a claim or defense "that is unwarranted under existing law, except that he may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law."

The vitality of the law as a living institution rests largely upon its capacity to embrace and promote the opposing concepts of stability and growth. We are mindful of Dean Pound's aphorism: "Law must be stable and yet it cannot stand still," Pound, *Interpretations of Legal History*, p. 1, (1923).

■ To facilitate these objectives, we must invite, not inhibit, the presentation of new and creative argument. We therefore hold that punitive sanctions may not be imposed to punish lack of merit unless an appellant's contentions and argument are utterly devoid of all plausibility.[3]

Orr had presented three issues in her original appeal: 1) the interpretation of the products liability statute of limitations; 2) the trial court's ruling excluding the legislative history of the product liability statute; and 3) the. constitutionality of the products liability statute of limitations in excluding a minor's claim.

■ In ruling on the AR 15(G) issue, the Court of Appeals viewed appellant's first contention as "totally and absolutely meritless." The second issue was not discussed. As to the third issue, the Court emphasized that prior decisions had expressly upheld the Product Liability Act as constitutional, *Dague v. Piper Aircraft Corp.* (1981), 275 Ind. 520, 418 N.E.2d 207, and had held that the legislature is not constitutionally pro-

hibited from suspending the obligation of statutes of limitations in the case of infancy or incapacity, *Rohrabaugh v. Wagoner* (1980), 274 Ind. 661, 664, 413 N.E.2d 891, 893. The Court of Appeals concluded that Orr made no attempt to distinguish these precedents. The court found that the arguments raised by Orr had not a "scintilla of merit" and that the appeal was "wholly meritless from the outset." *Orr*, 496 N.E.2d at 118.

We disagree. In her brief and reply brief, appellant provides concise and cogent argument in her attempts to distinguish both *Dague* and *Rohrabaugh*. She further presents authority supporting her argument that evidence of legislative intent may be considered, and points out the authority and responsibility of the appellate courts to interpret the intentions of the legislature in determining application of a statute of limitations. *Barnes v. A.H. Robins Co.* (1985), Ind., 476 N.E.2d 84, 86.

There is no indication of bad faith, frivolity, harassment, vexatiousness, or purpose of delay. While the Court below found appellant's contentions insufficient to prevail on appeal, we hold that appellant presented plausible argument for clarification, modification or reversal of existing law. Punitive sanctions are not justified in this case.

Transfer is granted, the supplemental opinion of the Court of Appeals which appears at 496 N.E.2d 115 is vacated, and appellee's motion for attorney's fees is denied.

GIVAN and PIVARNIK, JJ., concur.

SHEPARD, C.J., concurs in result with opinion.

---

2. Effective January 1, 1987, the Code of Professional Responsibility was replaced by the Rules of Professional Conduct. Present Rule 1.2(d) permits a lawyer to "counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law." Rule 3.1 prohibits a lawyer from bringing or defending a proceeding "unless there is a basis for doing so that is not frivolous, which in-

cludes a good faith argument for an extension, modification or reversal of existing law."

3. We use the term "plausibility" in its positive sense, meaning the quality or state of apparent validity, reasonableness, or credibility; and without any connotation of deceptiveness, speciousness, or underlying fallaciousness.

DeBRULER, J., concurs in result with opinion in which SHEPARD, C.J., concurs.

SHEPARD, Chief Justice, concurring in result.

I join in the Court's decision to declare, for the first time, that appellate fees may be imposed as a part of the costs on appeal according to Appellate Rule 15(G), Ind. Rules of Appellate Procedure.

The Court has previously been unwilling to do so. *See, e.g., Borkholder Co. v. Sandock* (1980), '274 Ind. 612, 413 N.E.2d 567; *Indiana Department of Public Welfare v. Rynard* (1981), 275 Ind. 212, 472 N.E.2d 888, vacating 403 N.E.2d 1110 (Ind. App.1980); *William J. Briggs v. Clinton County Bank and Trust Co.* (1983), Ind. App., 452 N.E.2d 989, *transfer denied.*

The parties who appear in our courts do so on an equal footing. For every citizen who files a frivolous pleading, there is a citizen who must spend money to respond. The threshold for frivolity should not be so low that it imposes a tax on responding parties, obligating them to spend money answering baseless claims as a way of encouraging others to be novel.

The American Bar Association's Commission on Professionalism has recently observed that: "It does not inexorably follow that a citizen's 'day in court' should include the ability to tax the limited resources of every stage of the judicial process." ABA Commission on Professionalism, ". . . In the Spirit of Public Service: A Blueprint for the Rekindling of Lawyer Professionalism" 43 (1986).

Speaking of appellate fee orders, the ABA Commission said, "the signals sent by such penalties extend beyond the immediate case and the immediate parties; the message spreads." *Ibid.*

Though I concur in affirming that Indiana's rules provide for attorney fees on appeal, I believe that Justice DeBruler has articulated a more appropriate standard for their imposition.

DeBRULER, Justice, concurring in result.

The tension with which we deal here is between an equitable concept at the heart of Appellate Rule 15(G) and a legal concept at the heart of our system of precedents. Equity and basic justice demand that a party in civil litigation, having won a victory in the trial court, should not be robbed of that victory by the requirements of paying the costs attendant to defending that victory in the appellate courts against an appeal, the outcome of which is so highly predictable from the outset that it may be said that the appeal is meritless and should not have been prosecuted. The system of precedents on the other hand requires that the rules of law provide reasonable predictability of outcome yet remain subject to change. The likelihood that this important objective of the system will be achieved will be seriously diminished if the risk of assessment of damages deters lawyers from asserting modified or novel appellate claims. The majority opinion eloquently describes the valuable role played by counsel within the system, and I heartily ascribe to it. However the idea of the lawyer and client cringing before the risk put in place by the rule, is no more compelling than that of the party who walks away from the appellate tribunal empty handed or worse, after having been victorious in both the trial court and the appellate court.

The legal concept which we seek to form in this opinion must accommodate both the equitable objective of Appellate Rule 15(G) and the objective of preserving our system of precedents. I am less than enthusiastic about the verbal formulation of the rule, namely "utterly devoid of all plausibility." This seems to cut too deeply against the equitable objective of the rule. It means to me that an argument without substance, but with a very superficial appearance of validity or even gloss of attractiveness, must be tolerated and will preclude assessment of damages under the rule.

I would prefer to develop this new legal concept about the term "arguable", a term employed in *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. An arguable point is one which is subject to

rational dispute and debate. There is substance to opposing positions. Appellate counsel who properly presents a single arguable point for consideration of the court has presented a case which is not wholly frivolous. Points are not arguable in civil litigation if they have not been raised and preserved in the trial court, or are not supported by the record. Points are not arguable if they seek reconsideration of a prior holding without identifying significant new or different factors. It is not proper to leave an argument incomplete, as by failing to identify the trial court ruling deemed erroneous or by failing to identify the element of a claim or defense deemed unsupported by the evidence. I do agree that the appeal before us is not utterly devoid of all plausibility, since this court had not previously addressed the question of the validity of this statute of limitation as it applies to children and incapacitated persons.

SHEPARD, C.J., concurs.