Katherine POWERS and Nina Banks, as Personal Representatives of The Estate of Morris D. Scott, Appellants–Petitioners,

v.

John LACNY, Richard Carpio and Alice Lloyd College, Appellees–Respondents.

No. 45A03–9512–CV–430.

Court of Appeals of Indiana.

Oct. 31, 1996.

Michael S. Vass, Highland, for Appellants.

Terry K. Hiestand, Law Offices of Terry K. Hiestand, Chesterton, for Appellee John Lacny.

Richard Carpio, Gary, Appellee Pro Se.

David M. Hamacher, Ruman, Clements, Tobin & Holub, P.C., Hammond, for Appellee Alice Lloyd College.

## OPINION

HOFFMAN, Judge.

Appellants-petitioners Katherine Powers and Nina Banks sisters of the decedent, appeal the trial court's determination admitting

to probate the will of their brother, Morris D. Scott. The evidence relevant to the appeal is recited below.

In 1980, Professor Phillip Brockington, a law professor at Valparaiso University School of Law, prepared a will for Morris D. Scott. The will was executed in October 1980. Scott died in February 1995.

Approximately eight hours after Scott's death, his sister, Nina Banks, removed his safe from his residence. At Bank's home, in the presence of another sister Katherine Powers, Powers' husband and Bank's husband, a crowbar was used to open the safe. The will prepared by Professor Brockington was discovered.

At some point, Nina and Katherine were appointed personal representatives of the estate. In April 1995, Nina filed her objection to probate of the will. The objection was based upon the mutilated condition of the will. Every reference to John Michael Lacny was cut from the will. Also, written interlineations appeared near cut out portions of the will. Scott's name, initials, a date and the word "void" appeared in various places. Also, some written portions are marked through with "void" written nearby. At the time the will was executed, Lacny was named as executor and was the recipient of several bequests.

As disclosed at trial, Professor Brockington retained his notes made for the preparation of the will; however, he was unable to locate an executed copy of the will. Customarily, he retained an executed copy for his records. He was able to confirm that John Michael Lacny was the name that had been cut from the will. Further he confirmed that at the time of execution, the will did not contain cut portions nor did writing appear on the will, with the exception of dates and signatures.

Evidence was presented that Bank's son-in-law accompanied her to the bank at which Scott's lock boxes were located. There, the son-in-law wrote Scott's signature on lock box documents to gain access to the boxes.

On September 19, 1995, the trial court denied the objections and ruled that the will would be admitted to probate. This appeal ensued.

As restated, Powers and Banks raise one issue for appeal: whether the trial court's ruling admitting the will to probate is contrary to law.

Powers and Banks are appealing from a negative judgment. Therefore, the trial court's ruling will be reversed only if it is contrary to law. *Matter of Estate of Borom*, 562 N.E.2d 772, 773 (Ind.Ct.App.1990). In making this determination, a court on review will not address the sufficiency of the evidence and will reverse if the evidence is without conflict and leads only to the opposite result reached by the trial court. *Id.* at 773–774.

The revocation of a will, in whole or in part, is governed strictly by statute. *Matter of Estate of Funk*, 654 N.E.2d 1174, 1176 (Ind.Ct.App.1996). The statutory provisions allow revocation of a written will in two ways: 1) the testator or another in his presence and at his direction destroys or mutilates the will with intent to revoke or 2) the testator executes another writing for that purpose which is signed, subscribed, and attested as required by statute. *Id.* at 1176. However, partial revocation may be accomplished only by the execution of a second writing meeting all statutory formalities. *Id.*, citing IND. CODE § 29–1–5–6 (1994 Supp.).

Powers and Banks contend that the mutilation of Scott's will works as a revocation of the will in its entirety. As noted by this Court in *Funk*, the mutilation of any essential portion of a will, such as striking out testator or witness signatures, would revoke the will in its entirety. *Id.* Here, the mutilation did not spoil any essential portion of the will. The evidence does not point only to the conclusion that Scott intended to revoke his will. Thus, the trial court's decision is not contrary to law.

Additionally, some evidence presented would allow the trial court to conclude that someone other than Scott altered the will. Under the circumstances, the evidence supports the trial court's conclusion.

Finally, appellees request appellate attorney's fees contending that appellants brought a frivolous appeal. Ind.Appellate Rule 15(G) provided for such an award in the discretion of the court "when an appeal is 'permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay.'" *Klebes v. Forest Lake Corp.*, 607 N.E.2d 978, 984 (Ind.Ct.App.1993) *quoting Orr v. Turco Mfg. Co. Inc.*, 512 N.E.2d 151, 152 (Ind.Ct.App.1987). Appellate attorney's fees should be awarded only when contentions are "utterly devoid of all plausibility." *Id.* Such is not the case here. The appellees are not entitled to an award of appellate attorney's fees.

The judgment of the trial court is affirmed.

Affirmed.

GARRARD and KIRSCH, JJ., concur.