# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 14 2017, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stacy L. Kelley
Glaser & Ebbs
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

James R. Williams
Edward A. DeVries
Wilson Elser Moskowitz
Edelman & Dicker, LLP
Chicago, Illinois

## IN THE
# COURT OF APPEALS OF INDIANA

Juliette Boyd,

*Appellant-Plaintiff*,

v.

ERJ Dining IV, LLC d/b/a Chili's Grill and Bar #513,

*Appellee-Defendant*.

December 14, 2017

Court of Appeals Case No.
49A05-1703-CT-707

Appeal from the Marion Superior Court

The Honorable Patrick Dietrick, Judge

Trial Court Cause No.
49D12-1507-CT-21804

**Brown, Judge.**

[1] Juliette Boyd appeals the entry of summary judgment in favor of ERJ Dining IV, LLC, d/b/a Chili's Grill and Bar #513 ("Chili's"). We find one issue dispositive, which is whether Boyd's notice of appeal is timely. We dismiss.

## *Facts and Procedural History*

[2] On July 1, 2015, Boyd filed a complaint for damages against Chili's, alleging that she had eaten as a customer at Chili's, that Chili's negligently prepared and delivered food products with an unknown foreign substance, and that the negligence was the sole, direct, and proximate cause of her personal injuries. On November 11, 2016, Chili's filed a motion for summary judgment and motion to dismiss claims asserted in Boyd's complaint. On January 23, 2017, the trial court held a hearing on Chili's motion for summary judgment, and on February 16, 2017, it entered findings of fact, conclusions of law, and order on summary judgment. The order is dated February 16, 2017 and an entry in the chronological case summary ("CCS") on that date shows that the order was issued. The trial court also issued an identical order on February 28, 2017. On March 30, 2017, Boyd filed a notice of appeal from a final judgment, identifying the court's subsequent February 28, 2017 order as the order being appealed.

## *Discussion*

[3] We address the issue of whether Boyd's appeal was timely. Ind. Appellate Rule 9(A)(1) explains that a "party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the entry of a Final

Judgment is noted in the Chronological Case Summary," Rule 9(A)(5) explains that "[u]nless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by P.C.R. 2," and Rule 2(H)(1) explains a judgment is final if "it disposes of all claims as to all parties." The trial court's order on February 16, 2017, disposed of all claims as to all parties and was also noted in the CCS on February 16, 2017. It is a final order. It is not clear why the court issued the identical order twelve days later but it is of no import. Boyd's March 30, 2017 notice of appeal was not filed within thirty days after the entry of the February 16, 2017 judgment noted in the CCS. Accordingly, Boyd did not timely file her appeal and has forfeited her right to appeal. We also do not find any extraordinarily compelling reasons as to why this forfeited right should be restored. *Cf. In re Adoption of O.R.*, 16 N.E.3d 965, 972 (Ind. 2014) (noting the "unique confluence of a fundamental liberty interest along with 'one of the most valued relationships in our culture'" in a case involving adoption, and finding extraordinarily compelling reasons to hear and determine a biological father's otherwise forfeited appeal (citing *In re I.A.*, 934 N.E.2d 1127, 1132 (Ind. 2010))). Therefore, we dismiss.

[4]     Chili's has filed a request for damages pursuant to Ind. Appellate Rule 66(E) citing Boyd's failure to acknowledge the February 16, 2017 order and corresponding CCS entry, of which her counsel received notice on February 17, 2017. Under Rule 66(E), damages may be assessed if an "appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Thacker v. Wentzel*, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003) (citing *Orr*

*v. Turco Mfg. Co., Inc.*, 512 N.E.2d 151, 152 (Ind. 1987). Such damages are in the Court's discretion and we decline to award them here.

## Conclusion

For the foregoing reasons, we dismiss Boyd's appeal.

Dismissed.

Najam, J., and Kirsch, J., concur.