

IN THE

# Court of Appeals of Indiana

John Merchant,

*Appellant-Plaintiff*

v.

Katz, Sapper & Miller, LLP,

*Appellee-Defendant*



FILED

Mar 17 2026, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

March 17, 2026

Court of Appeals Case No.
25A-PL-1713

Interlocutory Appeal from the Marion Superior Court

The Honorable James A. Joven, Judge

Trial Court Cause No.
49D13-2412-PL-56831

**Opinion by Judge Bradford**
Judges Weissmann and DeBoer concur.

**Bradford, Judge.**

# Case Summary

John Merchant, a prior owner and co-manager of Indiana Illinois Iowa Boxcar, LLC ("iCube"), alleges misconduct by his former business partners R. Powell and Sandra Felix ("the Felixes"). After selling his ownership interest in iCube to R. Powell, Merchant sued iCube and the Felixes. Merchant also sued Katz, Sapper & Miller, LLC ("KSM"), which had provided accounting services to iCube, the Felixes, and another company called Indiana Boxcar Corporation ("IBC"), which was owned by the Felixes. KSM moved to dismiss Merchant's claims against it, arguing that it had never provided accounting services to Merchant and, consequently, had never owed him a duty. The trial court granted KSM's motion. We affirm.[1]

# Facts and Procedural History

According to Merchant, he and the Felixes founded iCube, a company that was in the business of managing and leasing railroad boxcars, in 2009. The operating agreement signed by the Felixes and Merchant indicates that "[t]he powers and duties shall be shared equally between or among the Members, with [R. Powell] concentrating on operations and administration, and [Merchant]

---

[1] We held an oral argument in this case on March 3, 2026, in our courtroom at the Indiana State House. We commend counsel for the high quality of their arguments.

concentrating on marketing." Appellant's App. Vol. II p. 18. At the end of 2023, Merchant sold his ownership interest in iCube to R. Powell, at which time R. Powell became the sole remaining owner of iCube.

[3] On December 16, 2024, Merchant sued iCube, the Felixes, and KSM. He filed an amended complaint on January 21, 2025. In his amended complaint, Merchant claimed that "[u]nbeknownst to [him], the Felixes loaned money from iCube to [IBC] every year from 2009 to 2023[.]" Appellant's App. Vol. II p. 10. Merchant claims that the loans to IBC had not been disclosed by the Felixes at any point prior to the sale of his ownership interest. Merchant alleges that KSM had handled all accounting for iCube, IBC, and the Felixes. As it relates to KSM, the amended complaint alleged negligence and breach of fiduciary duty.

[4] On February 14, 2025, KSM moved, pursuant to Indiana Trial Rule 12(B)(6), to dismiss Merchant's claims against it, arguing that it had never owed any duty to Merchant as it was not, and had never been, his accountant. Merchant opposed KSM's motion to dismiss, arguing that he had satisfied the Trial Rule 8 notice-pleading requirements and his pleadings were sufficient to support his negligence and breach-of-fiduciary-duty claims against KSM. KSM responded that it had moved to dismiss the action pursuant to Trial Rule 12(B)(6), not Trial Rule 8, and reiterated its claim that Merchant had failed to state a claim upon which relief could be granted. The trial court granted KSM's motion to dismiss on May 29, 2025, finding that

[t]aking Merchant's allegations as true, as the Court must on a Rule 12(B)(6) motion, Merchant alleges that KSM provided accounting services to [iCube], of which he was a member. Merchant has not alleged, however, that KSM ever provided him any accounting services in his individual capacity. As such, Indiana law is clear that KSM owes Merchant, the individual, no legal duty. *First Cmty. Bank & Tr. v. Kelley, Hardesty, Smith & Co.*, 663 N.E.2d 218 (Ind. Ct. App. 1996) ["*First Community Bank & Trust*"]. Both of Merchant's counts against KSM (for negligence, and for breach of fiduciary duty) therefore fail to state a valid claim for relief.

Appellee's App. Vol. II p. 67. On July 9, 2025, the trial court certified its order for interlocutory appeal.

# Discussion and Decision

## I.   Dismissal of Merchant's Claims Against KSM

Merchant contends that the trial court erred in dismissing his claims against KSM for failure to state a claim upon which relief can be granted. "Because a Trial Rule 12(B)(6) motion to dismiss involves a pure question of law, we apply a de novo standard when reviewing a trial court's grant or denial of the motion." *Crystal Valley Sales, Inc. v. Anderson*, 22 N.E.3d 646, 652 (Ind. Ct. App. 2014), *trans. denied*.

A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. *See Kitco, Inc. v. Corp. for Gen. Trade*, 706 N.E.2d 581 (Ind. Ct. App. 1999). Thus, while we do

not test the sufficiency of the facts alleged with regards to their adequacy to provide recovery, we do test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred.

A court should "accept[ ] as true the facts alleged in the complaint," *Minks v. Pina*, 709 N.E.2d 379, 381 (Ind. Ct. App. 1999), and should not only "consider the pleadings in the light most favorable to the plaintiff," but also "draw every reasonable inference in favor of [the non-moving] party." *Newman v. Deiter*, 702 N.E.2d 1093, 1097 (Ind. Ct. App. 1998). However, a court need not accept as true "allegations that are contradicted by other allegations or exhibits attached to or incorporated in the pleading." *Morgan Asset Holding Corp. v. CoBank, ACB*, 736 N.E.2d 1268, 1271 (Ind. Ct. App. 2000) (citations omitted).

*Trail v. Boys & Girls Clubs of Nw. Ind.*, 845 N.E.2d 130, 134–35 (Ind. 2006). In addition, "[w]e need not accept as true conclusory, nonfactual assertions or legal conclusions." *Crystal Valley*, 22 N.E.3d at 653. "Further, '[i]t is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.'" *Irish v. Woods*, 864 N.E.2d 1117, 1120 (Ind. Ct. App. 2007) (quoting *N. Ind. Gun & Outdoor Shows v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998)) (brackets in original). "[A] complaint does not fail to state a claim merely because a meritorious defense may be available. But a plaintiff may plead itself out of court if its complaint alleges, and thus admits, the essential elements of a defense." *Bellwether Props., LLC v. Duke Energy Ind., Inc.*, 87 N.E.3d 462, 466 (Ind. 2017).

[6] It appears undisputed that, generally, accountants are members of a skilled profession and can be held liable for their negligent failure to observe reasonable professional competence. *See Magic Circle Corp. v. Crowe Horwath, LLP*, 72 N.E.3d 919, 924 (Ind. Ct. App. 2017). An accountant's duty to act with reasonable professional competence is independent of any contractual obligation. *Id.*

[7] In the amended complaint, Merchant raised two claims against KSM: negligence and breach of fiduciary duty. "The elements of a negligence claim are (1) a duty to the plaintiff on the part of the defendant; (2) a breach of that duty; and (3) injury to the plaintiff caused by the breach." *Lindke v. Combs*, 212 N.E.3d 1246, 1250 (Ind. Ct. App. 2023). "'A claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary relationship; (2) a breach of the duty owed by the fiduciary to the beneficiary; and (3) harm to the beneficiary.'" *West v. J. Greg Allen Builder, Inc.*, 92 N.E.3d 634, 643 (Ind. Ct. App. 2017) (quoting *Farmers Elevator Co. of Oakville v. Hamilton*, 926 N.E.2d 68, 79 (Ind. Ct. App. 2010), *trans. denied*), *trans. denied*.

[8] Both of Merchant's claims against KSM turn on the question of whether KSM had ever owed Merchant a duty. "Absent a duty there can be no negligence or liability based upon the breach." *Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016). Likewise, absent a duty from one party to the other, there can be no breach of fiduciary duty. *See generally, Krieg DeVault LLP v. WGT V, LLC*, 206 N.E.3d 1171, 1180 (Ind. Ct. App. 2023) (providing that a claim for breach of fiduciary duty requires proof of a fiduciary relationship, a

breach of that relationship, and harm to the beneficiary), *trans. denied*. "Whether a duty exists is a question of law for the court to decide." *Goodwin*, 62 N.E.3d at 386–87.

[9] Stated plainly, without a duty, Merchant cannot succeed on either his negligence claim or his breach-of-fiduciary-duty claim. KSM acknowledges that "[t]here's no doubt that accountants owe a duty of care to the clients that retain them" but claims that Merchant's pleadings establish that Merchant had never retained KSM and that KSM had never been in a position of privity with Merchant. Appellee's Br. p. 23. Merchant acknowledges that KSM never represented him in a personal capacity, instead basing his argument on the fact that until the end of 2023, he was a member of iCube, to which KSM had provided accounting services. In dismissing Merchant's claims against KSM, the trial court determined that KSM had not owed a duty to Merchant as a matter of law.

[10] In dismissing Merchant's claims against KSM, the trial court cited our opinion in *First Community Bank & Trust*. In this case, we discussed *Ultramares Corp. v. Touche*, 174 N.E. 441, 448 (N.Y. 1931), in which then-Chief Judge Cardozo of the Court of Appeals of New York had established a narrow exception to the privity requirement for claims brought against an accountant under certain circumstances. *First Cmty. Bank & Tr.*, 663 N.E.2d at 223. Relevant case law appears to apply the *Ultramares* standard and to limit claims of action against accountants to very specific circumstances when there is a lack of privity.

A privy is "[a] person in privity with another." Black's Law Dictionary 1200 (6th ed. 1990). Privity has been defined as "mutual or successive relationships to the *same right* of property, or an identification of interest of one person with another as to represent the *same legal right*." Black's Law Dictionary at 1199 (emphasis added).

*Riehle v. Moore*, 601 N.E.2d 365, 371 (Ind. Ct. App. 1992) (emphasis in original), *trans. denied*.

In *BSA Const. LLC v. Johnson*, 54 N.E.3d 1026 (Ind. Ct. App. 2016), *trans. denied*, we considered the question of whether an appraiser had had a duty to a purchaser in addition to the bank that had hired the appraiser. We noted that "Indiana courts have construed the *Ultramares* rule quite narrowly" and concluded that the appraiser's duty was to the bank and "as a matter of law cannot—because of the contradictory interests at issue—have extended to BSA. And because [the appraiser] had no duty of care toward BSA, BSA had no basis upon which to rely on [the appraiser's] opinion." *Id.* at 1030, 1031.

In *Essex v. Ryan*, 446 N.E.2d 368, 371–74 (Ind. Ct. App. 1983), we concluded that a surveyor does not owe a duty to the general public but only owed a duty to (1) an individual with whom he is in privity or (2) who he knows will rely on his survey. We applied *Essex* in *Thomas v. Lewis Engineering, Inc.*, 848 N.E.2d 758, 762 (Ind. Ct. App. 2006), in which we concluded that

> a professional owes no duty to one with whom it has not contracted unless the professional has actual knowledge that the third party would rely on the professional's opinion or service. Because Thomas had no relationship with Lewis, she had no

right to rely on its survey. And, in fact, Thomas did not rely on Lewis' survey. Instead, she argued that the survey was inaccurate…. In sum, Thomas has shown neither a duty arising from a relationship with Lewis nor a duty arising from Lewis' actual knowledge that Thomas would rely on its survey. Thus, Thomas has failed to state a valid claim under Indiana law.

[14] The Seventh Circuit has also recognized that Indiana law limits the "liability of accountants, lawyers, and other professionals when persons receive their reports and opinions second-hand." *Decatur Ventures, LLC v. Daniel*, 485 F.3d 387, 390 (7th Cir. 2007); *see also Akerman v. Schwartz*, 947 F.2d 841, 846 (7th Cir. 1991) (same). The Seventh Circuit further recognized that "a professional owes a duty of care only to his client plus any third party who the professional knows will see and rely on any opinion he renders. Indiana has applied this approach to appraisers." *Decatur Ventures*, 485 F.3d at 390.

[15] The Federal District Court for the Northern District of Indiana has also interpreted Indiana law as follows: "[i]t is clear that Indiana falls among those jurisdictions which follow the narrow *Ultramares* standard requiring either a contractual relationship between the parties or at least affirmative evidence of contact between the professional and the third party which indicates the professional's knowledge of the third party's reliance." *Toro Co. v. Krouse, Kern & Co.*, 644 F. Supp. 986, 994 (N.D. Ind. 1986), aff'd, 827 F.2d 155 (7th Cir. 1987). The District Court held that "despite the lack of direct authority, this court is convinced that Indiana's experience in related cases indicates that it would not deviate from the consistent path it has taken with professionals in

general when considering accountant liability in particular[,]" supported by the likelihood that "Indiana would continue to adhere to the 'privity or near-privity' standard." *Id.* The District Court noted that Indiana case law "reflects a conscious policy choice in favor of limiting the exposure of professionals." *Id.*

With respect to accountants, the United States Court of Appeals for the Third Circuit determined that

> [t]he mere fact that Berkowitz prepared tax returns and other financial statements for [the company], without more, is not enough to permit the inference that he knew (or should have known) of the various acts of corporate malfeasance allegedly perpetrated by John's business partners. And to the extent that Berkowitz was obligated to disclose that [the company] was not following standard accounting practices, that duty was owed not to John, but to [the company] as a corporate entity. The Tekmans provide no authority to suggest that John, as a minority stakeholder in [the company], is himself able to sue for breach of a duty owed to [the company] by its own accountant.

*Tekman v. Berkowitz*, 639 F. App'x 801, 805 (3d Cir. 2016) (citing *In re Phar-Mor, Inc. Secs. Litig.*, 892 F.Supp. 676, 694 (W.D. Pa. 1995) (finding that stockholders and directors of a corporation were not in privity with the corporation's accountant for purposes of negligence claims)). We find the decision in *Tekman* to be both persuasive and consistent with the decisions of courts interpreting Indiana law.

The above-discussed cases clearly establish that Indiana requires privity for the creation of a duty. It is undisputed that KSM never had a contractual

relationship with Merchant. Moreover, contrary to Merchant's suggestion, similar to *Tekman*, we do not believe that Merchant's position as a member of iCube created privity between Merchant and KSM. Because Merchant was not in privity with KSM, KSM owed Merchant no duty. Without a duty, KSM could not legally be held liable to Merchant. *See Krieg DeVault*, 206 N.E.3d at 1180 (Ind. Ct. App. 2023) (providing that a claim for breach of fiduciary duty requires proof of a fiduciary relationship, a breach of that relationship, and harm to the beneficiary); *Goodwin*, 62 N.E.3d at 386 ("Absent a duty there can be no negligence or liability based upon the breach."). The trial court, therefore, did not err in dismissing Merchant's claims against KSM.[2]

## II. KSM's Request for Appellate Attorney's Fees

[18] KSM contends that Merchant's appeal is frivolous and, as such, it should be awarded appellate attorneys' fees. Appellate Rule 66(E) provides that "[t]he

---

[2] We note that even if there had been privity between Merchant and KSM, Merchant's pleadings fail to establish breach. Merchant claimed that KSM had owed him, through his position as a member of iCube, a duty to notify him about the loans, to document the loans, and to inform him that the loans were never intended to be repaid. Merchant's complaint indicated that KSM had a duty to report the allegedly undocumented loans but also indicated that iCube's tax returns had referred to the loans. In addition, Exhibit 3 to Merchant's complaint indicated that while a loan balance was outstanding at the end of 2023, the loans had been repaid, or at least partially repaid, contradicting Merchant's suggestion that KSM should have known that IBC had not intended to repay the loans. The trial court was not required to consider as true Merchant's allegations that were "'contradicted by other allegations or exhibits attached to or incorporated in the pleading.'" *Crystal Valley*, 22 N.E.3d at 653 (quoting *Trail*, 845 N.E.2d at 134). Furthermore, nothing in the record demonstrates that Merchant was ever denied the opportunity to review iCube's financial documents, including the tax returns prepared by KSM, and Merchant cannot shift any potential liability stemming from his failure to inspect the documents to KSM.

Court may assess damages if an appeal … is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees."

> Our discretion to award attorney fees under Indiana Appellate Rule 66(E) is limited, however, to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Orr v. Turco Mfg. Co., Inc.*, 512 N.E.2d 151, 152 (Ind. 1987). Additionally, while Indiana Appellate Rule 66(E) provides this Court with discretionary authority to award damages on appeal, we must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal. *Tioga Pines Living Ctr., Inc. v. Indiana Family and Social Svcs. Admin.*, 760 N.E.2d 1080, 1087 (Ind. Ct. App. 2001), *trans. denied*.

*Thacker v. Wentzel*, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003).

[19] KSM claims that "Merchant's appeal involves both" substantive and procedural bad faith. Appellee's Br. p. 40.

> To prevail on a substantive bad faith claim, the party must show that the appellant's contentions and arguments are utterly devoid of all plausibility. [*Boczar v. Meridian Street Found.*, 749 N.E.2d 87, 95 (Ind. Ct. App. 2001).] Procedural bad faith, on the other hand, occurs when a party flagrantly disregards the form and content requirements of the rules of appellate procedure, omits and misstates relevant facts appearing in the record, and files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court. *Id.* Even if the appellant's conduct falls short of that which is "deliberate or by design," procedural bad faith can still be found. *Id.*

*Id.* at 346–47.

[20]     As for substantive bad faith, KSM argues that

> Merchant cannot cite a case so much as suggesting that KSM
> owed him any duty, much less the completely invented duties
> scattered through his briefing.  He further cannot cite a case to
> explain how KSM violated any duty regardless, since he
> concedes KSM reported the loans on the single document KSM
> was asked to prepare for iCube.

Appellee's Br. pp. 40–41.  KSM also argues that Merchant inaccurately

described the cases cited in his brief.  As for procedural bad faith, KSM argues

that

> Appealing from the grant of a Rule 12(B)(6) motion, he omitted
> from his appendix the order he is challenging, and the briefing
> the trial court considered when entering the order.  Worse,
> Merchant's omission of all the relevant briefing served to hide a
> major waiver issue that potentially disposes of the entire appeal.
> Merchant omitted these materials despite knowing that waiver
> would be a major argument on appeal, since KSM raised it
> below.

Appellee's Br. p. 42.  In sum, KSM asserts that

> KSM did nothing wrong, even under Merchant's operative
> allegations.  KSM did nothing wrong to its actual client, iCube.
> It did nothing wrong to its non-client, Merchant, either (since it
> in fact reported the loans on the only document it was tasked
> with preparing).  There is absolutely no reason Merchant should
> be forcing KSM to spend money defending this frivolous case.

Appellee's Br. p. 42.  While Merchant's appeal is ultimately unsuccessful, we

cannot say that it was brought in bad faith or is frivolous.  Merchant makes, at

the very least, a colorable argument regarding the question of whether an accountant may be held to have had a duty to a non-client. As such, we deny KSM's request for appellate attorney's fees.

[21] The judgment of the trial court is affirmed.

Weissmann, J., and DeBoer, J., concur.

ATTORNEY FOR APPELLANT

Paul L. Jefferson
SLS Group, LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Jayna M. Cacioppo
Vivek R. Hadley
Taft Stettinius & Hollister LLP
Indianapolis, Indiana