WOLDRIDGE *v.* BALL BROTHERS COMPANY, INC.

[No. 19,081. Filed June 12, 1958. Rehearing denied November 24, 1958. Transfer denied March 30, 1959.]

*Lynnville G. Miles* and *Daniel F. Cummings*, both of Indianapolis, for appellant.

*Bracken, Defur, Voran & Hanley, Thomas E. Bracken*, both of Muncie, *Murray, Mannon, Fairchild & Stewart* and *Richard W. Guthrie*, both of Indianapolis, for appellee.

CRUMPACKER, J.—The appellant worked for the appellee, as a common laborer in its plant at Muncie, Indiana, from 1934 to September 9, 1955, when he became totally and permanently disabled. Claiming that his disablement is due to silicosis to which he was exposed and which he contracted while in the appellee's employ, he sought compensation therefor before the Industrial Board as provided by the Indiana Workmen's Occupational Diseases Act of 1937, as amended. After hearing the Full Board found (1) "that on the 9th day of September 1955, and more than three years prior thereto, the plaintiff in the performance of his duties for said defendant was not exposed to, nor did he contract an occupational disease of silicosis";[1] and (2) "it is further found as of this day that the plaintiff is suffering from far advanced active pulmonary tuberculosis, which said affliction is wholly unrelated to his employment with the defendant herein." Consequently the Industrial Board denied compensation and its award is to that effect.

---

1. Sec. 40-2205(e) Burns' 1952 Replacement (Supp.). "No compensation shall be payable for or on account of any occupational diseases unless disablement, as herein defined, occurs within two (2) years after the last day of the last exposure to the hazards of the disease, except in cases of occupational diseases caused by the inhalation of silica dust or asbestos dust and in

We are asked to reverse said award because (1) it is not warranted by the evidence; and (2) incompetent and harmful testimony was admitted in evidence over the appellant's objection. In considering the first of these propositions we have in mind that the burden rested upon the appellant to convince the Industrial Board that his disablement is due to silicosis to which he was exposed as a consequence of his employment with the appellee and that such disablement came within three years from the date of his last exposure. *Fuller* v. *Delco Remy Div. of G. M. Corp.* (1945), 116 Ind. App. 272, 63 N. E. 2d 543; *Schlechtweg* v. *McQuay-Norris Mfg. Co.* (1946), 116 Ind. App. 375, 64 N. E. 2d 664. This the appellant obviously failed to do and under such circumstances, before we can reverse the award on the evidence, it must appear that such evidence is all one way and so conclusive in character as to force a conclusion in the minds of reasonable men contrary to that reached by the Industrial Board. *Russell* v. *Auburn Cent. Mfg. Co.* (1939), 107 Ind. App. 17, 22 N. E. 2d 889.

In reference to the board's finding that the appellant's disablement on September 9, 1955, came more than three years after the date of his last exposure to the hazards of silicosis, an examination of the record discloses much persuasive evidence to the contrary. On the other hand there is evidence to the effect that from the latter part of 1950 to 1953 the appellant worked in what the parties and witnesses referred to as "the hole." Just what the purpose "the hole" is and what men do that work there does not appear but as near as we can determine from the evidence it is a basement of some character under the

such cases, within three (3) years after the last day of the last exposure to the hazards of such disease."

furnaces that produce the molten glass used in the appellee's various products. However that may be, there is testimony that conditions in "the hole" were the same in 1957 as they were when the appellant worked there and in that year the State Board of Health made a test of the atmosphere in "the hole" and found it practically free of silica dust. There is also testimony to the effect that for two years immediately preceding his disablement on September 9, 1955, the appellant was employed as a janitor in which capacity he was not exposed to the hazards of silicosis. On this statement of the record, regardless of how we feel concerning the preponderance of the evidence, we cannot say, as a matter of law, that reasonable men are forced to the conclusion that the appellant was exposed to the hazards of silicosis within the three years immediately preceding his disablement. We are therefore powerless to disturb the Industrial Board's finding that there was no such exposure during said period of time and that being the fact there can be no recovery of compensation even though the undisputed evidence should indicate that silicosis, contracted in the appellee's employ, is the cause of the appellant's disablement. Thus we find it unnecessary to discuss the propriety of the board's second finding to the effect that the appellant's disablement is "wholly unrelated to his employment with the defendant herein" because, even if it were, there could be no recovery in the absence of an exposure within three years immediately preceding the date of disablement.

For the same reason we find no reversible error in the admission of certain evidence of which the appellant complains. All such evidence tended to prove that the appellant's disablement is due to pulmonary tuberculosis and not silicosis, Obviously

the nature of the appellant's disablement is unimportant in view of the board's no-exposure finding.

Award affirmed.

NOTE.—Reported in 150 N. E. 2d 911.