**Kimberley Kay ROHRABAUGH by her next friend Rosa Rohrabaugh Cross, Appellant,**

v.

**George W. WAGONER, M.D. and Jerry Like, D.O., Appellees.**

No. 1280S461.

Supreme Court of Indiana.

Dec. 29, 1980.

Charles L. Martin, Boonville, for appellant.

William E. Statham, Evansville, for appellee George Wagoner; Clark, Statham, McCray, Clark & Thomas, Evansville, of counsel.

Robert H. Hahn, Evansville, for appellee Jerry Like; Bamberger, Foreman, Oswald & Hahn, Evansville, of counsel.

DeBRULER, Justice.

This appeal involves a challenge to the constitutionality of the statute of limitations portions of the Medical Malpractice Act of 1975. The Attorney General has filed a brief defending the statute. The joint petition of the parties to transfer under Ind.App.R. 4(A)(10) is granted. The petition for oral argument is denied.

Appellant, a minor between the ages of six and eighteen years at the time of the institution of her action and at the time of the alleged wrongful acts constituting malpractice, brought her malpractice suit against two health care providers who had separately diagnosed and treated a growth at her waistline known as a hemangioma. The action was instituted in 1979, more than two years after the effective day of the Act and the dates of the alleged wrongful acts. Finding Ind. Code § 16–9.5–3–1 and Ind. Code § 16–9.5–3–2 constitutional and applicable to the case, the trial court dismissed.

Appellant contends that the two year limitation upon malpractice actions denies minors equal protection of law guaranteed by the Fourteenth Amendment and Art. I, § 23, of the Indiana Constitution and their remedy by due course of law guaranteed by Art. I, § 12, of the Indiana Constitution. The two statutory provisions involved here state:

Ind. Code 16–9.5–3–1:

"No claim, whether in contract or tort, may be brought against a health care provider based upon professional services or health care rendered or which should have been rendered unless filed within two years from the date of the alleged act, omission or neglect except that a minor under the full age of six years shall have until his eighth birthday in which to file. This section applies to all persons regardless of minority or other legal disability."

Ind. Code § 16–9.5–3–2:

"Notwithstanding the provisions of IC 1971, 16–9.5–1–7, any claim by a minor or other person under legal disability against a health care provider stemming from professional services or health care rendered, whether in contract or tort, based on an alleged act, omission or neglect which occurred prior to the effective date [July 1, 1975] of this article, shall be brought only within the longer of:

(a) Two years of the effective date of this article; or

(b) The period described in section 1 of this chapter."

It is generally conceded that statutes of limitation may be enacted within the sover-

eign power of a state and are not per se unconstitutional. *Short v. Texaco, Inc.,* (1980) Ind., 406 N.E.2d 625. The purpose of such statutes is to require prompt action and assure fairness to the defendant.

"Statutes of limitation find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles. They are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost." *Chase Securities Corporation v. Donaldson,* (1945) 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628.

These statutory provisions before us establish a two year statute of limitation in malpractice cases and obligates infants between the ages of six and twenty–one to institute their actions within that time. This Court held in *Sherfey v. City of Brazil,* (1937) 213 Ind. 493, 13 N.E.2d 568, that the Legislature is not under mandate from the constitution to suspend the obligation of statutes of limitation in the case of infancy or incapacity. That holding is fatal to appellant's challenge to this statute pursuant to Art. I, § 12, of our state Constitution.

■ These statutory provisions before us require children between the ages of six and twenty–one to institute their medical malpractice claims within the same period of time as adults. This requirement also gives rise to appellant's contention that it is unconstitutionally discriminatory. Equal protection analysis requires strict judicial scrutiny of legislative classifications only when the classification impinges impermissibly upon the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class. *San Antonio Independent School District v. Rodriguez,* (1973) 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16.

■ Appellant argues that there is a fundamental right to file suit or seek redress in the courts guaranteed by the Fourteenth Amendment and Art. I, §§ 12 and 23, of the Indiana Constitution. A statute of limitation operates by barring a claim after the expiration of a period of time for asserting it. The bar is conceived as cutting off the availability of a remedy or in the alternative as limiting the substantive right which gives rise to a claim. *Chase Securities Corporation v. Donaldson, supra.* Neither conception carries with it the idea that the bar infringes upon a fundamental right to seek redress in court. The statute does not prevent the timely prosecution in court of any claim. The bar does not fall until a reasonable time for filing has expired. No case has been cited which has held that a statute of limitation such as the one before us affects a fundamental right and for that reason is to be subjected to strict judicial scrutiny. Qualifications of this sort upon the access to the courts in civil matters do not require the state to furnish a compelling interest in justification. *Ortwein v. Schwab,* (1972) 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572; *U. S. v. Kras,* (1972) 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626; *Pittman v. United States,* (9th Cir. 1965) 341 F.2d 739.

■ A suspect class is one, "saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process." *Rodriguez, supra.* The class identified by appellant as suspect is comprised of children from the ages of six through eighteen. Generally, defining a class by age does not call for strict judicial scrutiny. *Massachusetts Bd. of Retirement v. Murgia,* (1976) 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520. Historically, the legal position of children in society has been mixed. During the early part of this century children within this age group were exploited by employers and their own families as sources of labor, and congressional attempts to alleviate their hardship were rebuked in court. *Hammer v. Dagenhart,* (1918) 247 U.S. 251, 38 S.Ct. 529, 62 L.Ed. 1101. More recently child labor laws have been upheld, and mandatory school attendance laws and laws protecting children from abuse have

been enacted. Cf. *United States v. Darby*, (1940) 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609. Children are not required by law to have hunting and fishing licenses, and are commonly charged less by the business community than adults for admission to theaters and for public accommodations and travel. Historically they have been exempted from conscription into the armed services. On the other hand they are limited in their right to operate vehicles, to vote, and to marry. Illegitimate children are indeed a suspect class. *Levy v. Louisiana*, (1968) 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436. Unlike illegitimacy, childhood is a stage out of which millions of persons inevitably pass in an unending flow, day after day. Children become adults and are empowered. The laws respecting children have in the main in recent years been based upon the premise that children are undergoing physical and psychological growth and during this process they are limited in their capacity for making those evaluations thought necessary to full participation in the political, economic, and social life of the community. As in the case of the elderly, the legal treatment of children has not been free of discrimination; however, the disparate treatment accorded children has been based in recent times upon knowledge of the process of growth, a process to which all human beings are subject. Consequently, we conclude that the class newly subject to this two year statute of limitation, children between the ages of six and twenty–one, is not suspect, thereby calling for strict judicial scrutiny. Rationality is therefore the standard by which to judge this classification. Cf. *Chaffin v. Nicosia*, (1974) 261 Ind. 698, 310 N.E.2d 867.

■ The constitutionality of the Medical Malpractice Act has been considered in detail in the recent case of *Johnson v. St. Vincent Hospital, Inc.*, (1980) Ind., 404 N.E.2d 585. The reasoning in that case guides us here.

Regarding the traditional equal protection test in that case we stated:

"In order for this classification to satisfy the guarantee of equal protection, it 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' *Royster Guano Co. v. Virginia*, (1920) 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989; *Reed v. Reed*, (1971) 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225; *Reilly v. Robertson, supra* [266 Ind. 29, 360 N.E.2d 171]. The standard to be applied in protecting rights secured by Art. I, § 23, of the Indiana Constitution, is whether the legislative classification is based upon substantial distinctions with reference to the subject–matter, or is manifestly unjust or unreasonable. *Steup et al. v. Indiana Housing Finance Authority, supra* [Ind., 402 N.E.2d 1215]; *Phillips v. Officials of City of Valparaiso*, (1954) 233 Ind. 414, 120 N.E.2d 398. The same standard is applicable in testing a statute under Art. IV, §§ 22 and 23. *Perry Civil Twp. of Marion Co. v. Indianapolis Power and Light Co.*, (1943) 222 Ind. 84, 51 N.E.2d 371. The statute is therefore presumed constitutional, and the burden was on appellants below to negative every conceivable basis which might have supported the classification. *Madden v. Commonwealth of Kentucky*, (1940) 309 U.S. 83, 93, 60 S.Ct. 406, 410, 84 L.Ed. 590; *Lehnhausen v. Lake Shore Auto Parts Co.*, (1973) 410 U.S. 356, 93 S.Ct. 1001, 35 L.Ed.2d 351." 404 N.E.2d at 597.

The Medical Malpractice Act is a legislative response to the reduction of health care services available to the public in the state. This reduction was the result of choices being made by trained and available health care providers to stop making their services available. The legislative judgment was that these decisions were being made because of actual and threatened loss to the health care industry of malpractice insurance at a reasonable cost.

The Legislature chose to attack this problem on several levels. One of these involved limiting patient remedies and the statute of limitation provisions involved here are part of it. The Legislature

through them withdrew its disability protection from children between the ages of six and twenty–one, and required that they be subjected to the same time limitation in bringing malpractice actions against health care providers as persons over twenty–one. To grant disability during minority to a six year old child is to subject health care providers who have treated him to malpractice actions seventeen years after treatment is completed. That exposure can result in unfairness to the defending health care provider stemming from the passage of time. The Legislature could reasonably have concluded that the reduction of this potential for unfairness would help to alleviate those conditions which had resulted in the reduction of health care services.

In balancing this benefit with the restriction imposed upon the class of children to which appellant belongs the Legislature: "may well have given consideration to the fact that most children by the time they reach the age of six years are in a position to verbally communicate their physical complaints to parents or other adults having a natural sympathy with them. Such communications and the persons whom they reach may to some appreciable degree stand surrogate for the lack of maturity and judgment of infants in this matter. The Legislature may well have considered the fact of some importance that many health care providers are specially trained professional persons meeting state standards for licensing, and are therefore entitled to a special degree of trust." 404 N.E.2d at 604.

We find that there exists a reasonable basis for the Legislature to strengthen the statute of limitation in malpractice cases and in furtherance thereof to conclude that children of this class and adults are similarly circumstanced with regard to their ability to bring malpractice actions. There can be no doubt that this measure is a stern one and will have harsh application in individual cases. However, a court has no authority to annul a statute because of that fact. In including children of this class with adults for these purposes, the aim of the statute was furthered in a manner consistent with the protection afforded by our State and Federal Constitutions to equal protection of the laws.

The decision of the trial court is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.