Chet WOODWORTH, Plaintiff-Appellant,

v.

LILLY INDUSTRIAL COATINGS, INC., Defendant-Appellee.

No. 2–782A211.

Court of Appeals of Indiana, First District.

March 29, 1983.

Rehearing Denied May 5, 1983.

Richard A. Young, Young & Young, Joseph J. Reiswerg, Indianapolis, for plaintiff-appellant.

Robert J. Wicker, Van Valer, Wicker & Tandy, Greenwood, for defendant-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Claimant-appellant Chet Woodworth (claimant) appeals a decision of the Full Industrial Board of Indiana which dismissed claimant's Occupational Diseases Act (Act)[1] claim against defendant-appellee Lilly Industrial Coatings, Inc. (Lilly) on Lilly's motion to dismiss.

We affirm.

## STATEMENT OF THE FACTS

Claimant filed an Occupational Diseases Act claim with the Industrial Board on June 30, 1981. In it, claimant alleged that he had been exposed to carcinogenic agents while employed at Lilly on March 1, 1977, and that the approximate date of disablement was March, 1980. On that date he was diagnosed as having acute myelocytic leukemia.

The hearing member of the Industrial Board granted Lilly's motion to dismiss because the claim was filed more than two years after "the last day of the last exposure ...", and therefore, was a noncompensable event. Ind.Code 22–3–7–9(f). Thereafter, the Full Industrial Board affirmed the hearing member's decision, and claimant brought this appeal.

1. The full title to the Act is cited as "The Indiana Workmen's Occupational Diseases

## ISSUE

The sole issue is whether the Act's two year statute of limitations is constitutional as to claimant's disablement.

## DISCUSSION AND DECISION

Claimant argues that since his claim was barred before it accrued, the Act is unconstitutional insofar as its two year statute of limitations. In so arguing, claimant relies entirely on *Bunker v. National Gypsum Company,* (1981) Ind.App., 426 N.E.2d 422, wherein the Court of Appeals held that the statute of limitations portion of the Act was unconstitutional as applied to latent diseases such as asbestosis.

Claimant's argument is not well taken. Our Supreme Court reversed the decision of the Court of Appeals in *Bunker v. National Gypsum Company* (1982) Ind., 441 N.E.2d 8, and held:

"The Court of Appeals has contravened settled case law in finding the statute of limitations of the Occupational Diseases Act unconstitutional. This same issue was decided by the Appellate Court in 1958. *Woldridge v. Ball Brothers Co., Inc.* (1958) 129 Ind.App. 420, 150 N.E.2d 911, *trans. denied.* In *Woldridge,* the claimant sought to be awarded benefits for his total and permanent disability due to his work-related exposure to silica dust. The full Industrial Board found that the claimant had not been exposed to silica dust during the last three years of his employment and that his disablement had not occurred within three years of his last silica exposure. Accordingly, the Appellate Court denied the claim pursuant to the same statute of limitations now at issue.

\* \* \* \* \* \*

In the case at bar, Respondent alleges and the Court of Appeals has held that the statute of limitations in Indiana's Occupational Diseases Act is unconstitutional. In questioning the wisdom of the

Act" and is found under Ind.Code 22–3–7–1 *et seq.*

legislature, the Court of Appeals has in effect rewritten this law thereby usurping the legislature's constitutionally mandated function. If we were to affirm the Court of Appeals in their decision, the legislative intent to provide a definitive time period within which all occupational disease claims must be brought would be frustrated. Specifically, Ind.Code § 22–3–7–9(e) would be meaningless because all disabilities caused by a work-related disease would be compensable under the Act. In addition, the statutory scheme providing for the application of a 'discovery' rule only in radiation exposure cases would be subverted. We will not allow such a blatant abuse of judicial power. We have previously found constitutional a statute similar to the instant one. *See generally: Rohrabaught* [*v. Wagoner* (1981) Ind., 413 N.E.2d 891], *supra; Johnson* [*v. St. Vincent Hospital, Inc.* (1980) Ind., 404 N.E.2d 585], *supra.* We now find the statute of limitations provision of the Occupational Diseases Act to be constitutional in all respects." 441 N.E.2d at 13–14.

Thus, the Act is constitutional and Ind. Code 22–3–7–9(f) of the Act controls the instant case:

> "(f) No compensation shall be payable for or on account of any occupational diseases unless disablement, as defined in subsection (e) of this section, occurs within two (2) years after the last day of the last exposure to the hazards of the disease . . . ."

■ Claimant's present illness is not coverable under the Act because more than three years have elapsed between the time of filing his claim and the "last day of the last exposure . . . ." Further, we would note that claimant failed to present any evidence of the alleged occupational injury and his resulting illness from which the Industrial Board could have made a different determination. In order to qualify for compensation under the Act, a claimant must establish that he has suffered an occupational disease and has suffered a disablement. *Martinez v. Taylor Forge and Pipe*

*Works* (1977) 174 Ind.App. 514, 368 N.E.2d 1176. This, claimant has not done.

For the above reasons, we affirm the decision of the Full Industrial Board.

Affirmed.

ROBERTSON, P.J., and RATLIFF, J., concur.