Philip L. JONES, D.D.S.,
Defendant–Appellant,

v.

G. Thomas CLOYD, D.D.S., and Harry E. Eakin, Commissioner, Indiana Department of Insurance

and

Paula M. Simpson, Plaintiff–Appellee.

No. 83A01–8808–CV–264.

Court of Appeals of Indiana,
First District.

Feb. 21, 1989.

Kevin Charles Murray, Eric A. Riegner, Locke Reynolds Boyd & Weisell, Indianapolis, for defendant-appellant.

Stephen L. Williams, Mann, Chaney, Johnson, Goodwin & Williams, Terre Haute, for plaintiff-appellee.

ROBERTSON, Judge.

Philip L. Jones, D.D.S., appeals an adverse ruling on his motion for preliminary determination, which took the form of a motion for summary judgment.

We reverse.

The trial court certified three issues for our consideration in this appeal:

(1) whether the "discovery rule" applies to the Medical Malpractice Statute of Limitations, IND.CODE 16–9.5–3–1 (1975);

(2) whether a medical malpractice cause of action accrues on the date of injury, rather than the date of the alleged negligence; and,

(3) assuming facts sufficient to invoke the doctrine of fraudulent concealment, whether the statute of limitations ceases to be tolled after the dentist-patient relationship is terminated and the patient is treated by a subsequent dentist who informs the patient that the defendant improperly placed a device.

We will treat the certified issues in reverse chronological order, addressing issues one and two together.

### I.

■ We need not set out at length the doctrine of fraudulent concealment or the doctrine's relationship to the Medical Malpractice Act's statute of limitations since there are several published opinions containing these principles. *See, e.g., Guy v. Schuldt* (1956), 236 Ind. 101, 138 N.E.2d 891; *Adams v. Luros* (1980), Ind.App., 406 N.E.2d 1199; *Weinstock v. Ott* (1983), Ind. App., 444 N.E.2d 1227, *trans. denied.* As Dr. Jones contends, Indiana law provides that the statute of limitations begins to run from the earlier of the termination of the dentist-patient relationship or the discovery of information by the patient which in the exercise of reasonable diligence would lead to the discovery of malpractice. *Colbert v. Waitt* (1982), Ind.App., 445 N.E.2d 1000, 1003, n. 5; *Walters v. Rinker* (1988), Ind. App., 520 N.E.2d 468, 474.

The record shows Simpson first consulted Dr. Jones in February of 1971 and remained a routine patient for the next six years. In January, 1977, Dr. Jones began treating Simpson for fractures of two front teeth, numbers 8 and 9, after Simpson was injured in an automobile accident. Dr. Jones last saw Simpson as a patient on February 10, 1977. Simpson was displeased with the appearance of her teeth and began consulting another dentist, defendant Cloyd, very shortly thereafter. Dr. Cloyd first examined Simpson on March 7, 1977, and continued to treat her until July, 1986. On July 23 or 24, 1986 Simpson consulted an orthodontist, who advised her that he would not be able to put braces on her teeth until she had work done to her gums above teeth # 8 and 9. It was at this time that Simpson alleges she learned that a post placed by Dr. Jones had apparently created other dental problems.

Simpson does not dispute that her dentist-patient relationship with Dr. Jones ended either on February 10, 1977 or March 7, 1977. Hence, the latest date she could file her complaint was March 7, 1979. Simpson did not file until August 13, 1987; consequently, Simpson's complaint was untimely as Dr. Jones contends.

■ Simpson maintains, however, that while she consulted Dr. Cloyd because of the outer appearance of the crowns, she continued to rely upon the root canal work performed by Dr. Jones. She does not allege Dr. Jones made affirmative representations about the root canal work or placement of the posts, only that he told her the crowns "looked great."

> Where a doctor represents that a certain condition is to be expected to continue into the future or prescribes a course of treatment to be followed for a period of time, a constructive fraud can be found which will delay the running of the statute of limitations for the time the doctor has indicated. However, where no such representations are made the patient's reliance does not continue beyond the time [s]he and the doctor ceased their association.

*Wojcik v. Almase* (1983), Ind.App., 451 N.E.2d 336, 340, *trans. denied; Spoljaric v. Pangan* (1984), Ind.App., 466 N.E.2d 37, 42, *trans. denied.* Since Simpson does not assert Dr. Jones made affirmative representations with respect to the posts or that the doctor had actual knowledge that the root canal procedure was unsuccessful, but premises her equitable claim of fraudulent concealment solely upon Dr. Jones's failure to perform his duty of disclosure required

of him by reason of their relationship, her assertion that she continued to rely upon the root canal work performed by Dr. Jones is insufficient of itself to create a genuine factual issue. *Id.; Wojcik, supra.* The trial court should therefore have granted Dr. Jones a summary judgment, because, as a matter of law, Dr. Jones's duty to disclose and Simpson's reliance upon him ended with the termination of their dentist-patient relationship.

## II.

Simpson urges us to uphold the trial court's ruling by applying the discovery rule first annunciated in *Barnes v. A.H. Robins Co.* (1985), Ind., 476 N.E.2d 84. Simpson does not argue that we have erred in construing I.C. 16–9.5–3–1 as an occurrence statute rather than a discovery or accrual statute. Neither does she contend that the statute is unconstitutional as applied to her. Instead, she argues that application of the *Barnes* discovery rule would alleviate the inherent unfairness of the limitation which occurs when a plaintiff is unable to discover she has been injured. Simpson also contends that no cause of action accrued until damage or injury occurred.

In *Barnes v. A.H. Robins Co., id.,* the Indiana Supreme Court considered when a cause of action *accrues* for purposes of I.C. 34–1–2–2, the statute of limitations for personal injury actions, and I.C. 33–1–1.5–5, the statute of limitations for products liability actions. Unlike the statute at issue here, *see, Johnson v. St. Vincent Hospital, Inc.* (1980), 273 Ind. 374, 404 N.E.2d 585, 603 (acknowledging distinction), both statutes referred to above provide that an action must be commenced within a certain period "after the cause of action accrues." Hence, with respect to I.C. 34–1–2–2 and 33–1–1.5–5, the legislature did not make its intent entirely clear, leaving to the courts the responsibility of determining legislative intent by ascertaining when a cause of action accrues. 476 N.E.2d at 85–86. The *Barnes* court reiterated, however, that in cases where the legislature has been unambiguous in expressing its intent as to a statutory period of limitation, legislative intent controls, as the legislature is solely responsible for determining what constitutes a reasonable time for bringing an action. *Barnes, supra* at 86; *Dague v. Piper Aircraft Corp.* (1981), 275 Ind. 520, 418 N.E.2d 207, 210. Indiana's Constitution does not permit us to re-evaluate the policies considered by the legislature in making this determination. *Bunker v. National Gypsum Co.* (1982), Ind., 441 N.E.2d 8, 12, *appeal dismissed,* 460 U.S. 1076, 103 S.Ct. 1761, 76 L.Ed.2d 338.

Simpson's action is governed by I.C. 16–9.5–3–1 which provides in pertinent part:

> No claim, whether in contract or tort, may be brought against a health care provider based upon professional services or health care rendered or which should have been rendered unless filed within two (2) years from the date of the alleged act, omission or neglect ...

In the past, when petitioned to construe the same language in a predecessor to the present statute, i.e. I.C. 34–4–19–1 (1941), we found the language of the statute to be unambiguous and concluded that the statute could not reasonably be construed as a discovery rule. *Alwood v. Davis* (1980), Ind.App., 411 N.E.2d 759, 760, *trans. denied.* We determined that by explicitly referring to the alleged act, omission or neglect, the legislature intended to avoid the impact of case law dealing with when a cause of action accrues which would extend the time for commencing an action in cases where either injury or damage does not occur until long after the act or omission gave rise to it. We concluded the language of this statute of limitation left no doubt; the legislature did not intend actual discovery to be the event which triggers commencement of the statutory period. *Toth v. Lenk* (1975), 164 Ind.App. 618, 330 N.E.2d 336, 338; *Colbert v. Waitt, supra* at 1002. Since then, this court has applied I.C. 16–9.5–3–1 as an occurrence rather than discovery rule in case after case. *See, e.g. Martin v. Rinck* (1986), Ind.App., 501 N.E.2d 1086; *Colbert v. Waitt, supra; Frady v. Hedgcock* (1986), Ind.App., 497 N.E.2d 620, 622, *trans. denied.*

Moreover, our courts have acknowledged the inherent harshness of such an occurrence rule on certain plaintiffs but have found the rule to be reasonable in light of other policies intended to be furthered by it. *Rohrabaugh v. Wagoner* (1980), 274 Ind. 661, 413 N.E.2d 891. *See also, Toth v. Lenk, supra* (Hoffman, J. concurring); *Johnson v. St. Vincent Hospital, supra.*

Simpson has not given us reason to reconsider these earlier holdings and impose a discovery rule. Neither do we find a basis for doing so in *Barnes v. A.H. Robins, supra.* As we indicated earlier, a reconsideration of the policies underlying I.C. 16–9.5–3–1 is properly left to the legislature.

Finding no theory or basis upon which to uphold the denial of summary judgment, we conclude the judgment should be reversed.

JUDGMENT REVERSED.[1]

GARRARD, P.J., concurs.

RATLIFF, C.J., concurs with separate opinion.

RATLIFF, Chief Judge.

### CONCURRING OPINION

I concur in the majority opinion for the reasons stated therein and also for the reasons stated in *Nahmias v. Trustees of Indiana University* (1983), Ind.App., 444 N.E.2d 1204, *trans. denied.*

1. Appellant's motion to strike appellee's brief is granted.