Trenda **LEDBETTER,** Appellant–
Plaintiff,

v.

Robert **HUNTER, M.D., Lawrence
Benken, M.D., and Ball Memorial
Hospital,** Appellees–Defendants.

No. 49A02–9412–CV–722.

Court of Appeals of Indiana.

June 30, 1995.

---

6. James S. Black was also the President of Com- stock Development Corporation.

Vernon J. Petri, Janet C. Halline, Vernon J. Petri & Associates, Indianapolis, Kenneth J. Chesebro, Michael J. Hartley, Cambridge, MA, for appellant.

David J. Mallon, Jr., Kelly J. Pitcher, Ice Miller Donadio & Ryan, Indianapolis, for Robert Hunter, M.D. and Ball Memorial Hosp.

James W. Brauer, Stewart & Irwin, Indianapolis, for Lawrence Benken, M.D.

## OPINION

KIRSCH, Judge.

Trenda Ledbetter appeals the adverse entry of summary judgment in her medical malpractice suit against Robert Hunter, M.D., Lawrence Benken, M.D., and Ball Memorial Hospital. Ledbetter raises the following consolidated and restated issues:

1. Whether the Indiana Medical Malpractice Act's provision which tolls its statute of limitations for a minor until the minor's sixth birthday violates due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 12 of the Indiana Constitution?

2. Whether the Act's provision which tolls its statute of limitations for a minor until the minor's sixth birthday violates equal protec-

tion of the law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 23 of the Indiana Constitution?

We reverse.

## FACTS

Ledbetter was born at Ball Memorial Hospital (the Hospital) in Muncie, Indiana on November 25, 1974. Drs. Hunter and Benken were attending physicians at Ledbetter's birth. Ledbetter alleges that medical malpractice by the Hospital, Hunter, and Benken (collectively, the Defendants) caused her serious and permanent physical and mental injuries.

Ledbetter filed a medical malpractice claim against the Defendants on April 22, 1994, within two years of her eighteenth birthday. The Defendants moved to dismiss Ledbetter's complaint, contending that her claim was barred by the Indiana Medical Malpractice Act (the Act)[1] statute of limitation, which provided that a minor's claim for medical malpractice must be filed by the minor's eighth birthday or within two years of the malpractice, whichever is later. The trial court granted the Defendants' motion.

## DISCUSSION AND DECISION

### STANDARD OF REVIEW

■ In considering constitutional challenges to a statute, our supreme court has directed that we accord the statute "every reasonable presumption supporting its validity and place the burden upon the party challenging it to show unconstitutionality. Before a statute will be declared repugnant to the Constitutions its fatal constitutional defects must be clearly apparent." *Johnson v. St. Vincent Hospital, Inc.* (1980), 273 Ind. 374, 381, 404 N.E.2d 585, 591 (citations omitted). The presumption of validity controls until it is clearly overcome by a showing to the contrary. *See Miller v. State* (1987), Ind., 517 N.E.2d 64, 71. And we may not declare a statute to be unconstitutional merely because we "consider it born of unwise,

1. IC 27–12–1–1 to –18–2 (1993 Ed.).

undesirable, or ineffectual policies." *Johnson,* 273 Ind. at 381, 404 N.E.2d at 591.

## ISSUE ONE: Does the Act's disability tolling provision for minors violate due process guarantees?

The Act's statute of limitation bars suit on medical malpractice claims unless they are filed within two years of the occurrence of the alleged malpractice. That statute of limitation also has a disability tolling provision for minors which tolls the limitation period for a minor who is a victim of medical malpractice until the minor's sixth birthday. The statute of limitation and the disability tolling provision provide in relevant part:

"(a) This section applies to all persons regardless of minority or other legal disability. . . .

"(b) A claim, whether in contract or tort, may not be brought against a health care provider based upon professional services or health care that was provided or that should have been provided unless the claim is filed within two (2) years after the date of the alleged act, omission, or neglect, except that a minor less than six (6) years of age has until the minor's eighth birthday to file."

IC 27–12–7–1(a) and (b) (1993 Ed.).

Although Indiana adopted the Act after Ledbetter's birth and the acts or omissions which give rise to her malpractice claims, the Act provides for retroactive application:

"Notwithstanding IC 27–12–1–1, any claim, whether in contract or tort, by a minor or other person under legal disability against a health care provider stemming from professional services or health care provided based on an alleged act, omission, or neglect that occurred before July 1, 1975, shall be brought only within the longer of the following:

(1) Two (2) years after July 1, 1975.

(2) The period described in section 1 of this chapter."

IC 27–12–7–2 (1993 Ed.).

■ Indiana also has a general legal disability tolling provision which provides that:

"Any person being under legal disabilities when the cause of action accrues may bring his action within two (2) years after the disability is removed." IC 34–1–2–5 (1993 Ed.). The applicable definition of legal disability "includes persons less than eighteen (18) years of age, mentally incompetent, or out of the United States." IC 1–1–4–5(21) (1993 Ed.). The Act's legal disability tolling provision, as the later and more specific provision, controls claims brought under the Act. *Johnson*, 273 Ind. at 403, 404 N.E.2d at 603.

■ Ledbetter asserts that the Act's limitation period and disability tolling provision which required her to file her claim by her eighth birthday impinged upon her fundamental right of meaningful access to the courts, violating the due process provisions of the state and federal constitutions. She maintains that this violation of her due process rights renders these provisions of the Act unconstitutional unless there is a compelling governmental interest served by requiring minors to file malpractice claims no later than their eighth birthday or two years after the cause arose, whichever is later. Because of the alleged unconstitutionality of the Act's disability tolling provision, she contends that Indiana's general disability tolling provision should be applied to medical malpractice claims, thus tolling the statute of limitations during a claimant's minority.

The due process clause of the Fourteenth Amendment to the United States Constitution in relevant part provides that: "No state shall ... deprive any person of life, liberty, or property, without due process of law ...." Article 1, § 12 of the Indiana Constitution provides that: "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay."

■ The Texas Supreme Court, in *Sax v. Votteler* (1983), Tex., 648 S.W.2d 661, held that a similar malpractice act disability tolling provision for minors denied due process and was, therefore, unconstitutional. The disability tolling provision for minors in the Texas malpractice act, like that in the Indiana act, tolled the statute of limitation for a minor until the minor's sixth birthday. The court considered whether the Texas act's short tolling period unreasonably abridged the minor's remedy for medical malpractice, and held that:

"[T]he length of time that insureds are exposed to potential liability has a bearing on the rates that insurers must charge. We cannot agree, however, that the means used by the legislature to achieve this purpose ... are reasonable when they are weighed against the effective abrogation of a child's right to redress."

*Id.* at 667. One factor contributing to the court's holding is a minor's inability under Texas law to bring suit on his or her own behalf. *Id.* at 666–67. Indiana, on the other hand, allows a minor to sue in his or her own name, or by a guardian or next friend. Ind.Trial Rule 17(C).

The Seventh Circuit has rejected a similar due process attack on the Indiana Act's disability tolling provision:

"Plaintiffs contend that due process requires an indefinite length of time in which to access the courts for the purpose of adjudicating malpractice claims as allowed by the general tolling statute prior to the malpractice statute of limitations. However, a tolling statute, like any other procedural rule, cannot vest plaintiffs with a substantive right in the continued protection of that rule.

. . . .

"Due process in the modification of procedural rules is provided by the legislative process itself, subject to a minimal requirement of rationality. '[I]t remains true that the state's interest in fashioning its own rules of tort law is paramount to any discernible federal interest except perhaps an interest in protecting the individual citizen from state action that is wholly arbitrary or irrational.' *Martinez v. California*, 444 U.S. 277, 282, 100 S.Ct. 553, 557, 62 L.Ed.2d 481 (1980).

"[T]he malpractice statute of limitations is clearly rationally related to its goal of relieving the malpractice insurance crisis. It is the province of the Indiana legislature

to allocate the increased cost of health care between the health care providers, insurance carriers and patients and to determine under what circumstances it is appropriate to delay the running of the statute of limitations in spite of the increased risk of lost evidence and lapse of memory. The state need not provide a tolling provision for minority ... in order to comply with the due process guarantees of a meaningful opportunity to be heard."

*Douglas v. Hugh A. Stallings, M.D., Inc.* (7th Cir.1989), 870 F.2d 1242, 1249–50.

The State of Missouri's medical malpractice act also has a two-year statute of limitation, with a disability tolling provision for minors that tolls the two-year statute of limitation until the minor's tenth birthday. In *Strahler v. St. Luke's Hospital* (1986), Mo., 706 S.W.2d 7, the Missouri Supreme Court held that the malpractice act's disability tolling provision for minors denied minors access to court in violation of Article I, § 14 of the Missouri Constitution. The court held:

"The statutory limitation period, as applied to minors, violates their right of access to our courts under Mo. Const. art. I, § 14 and renders vacant the guarantee contained in this constitutional provision which declares in no uncertain terms 'that the courts of justice shall be open to every person, and certain remedy afforded for every injury to person....' To the extent that it deprives minor medical malpractice claimants the right to assert their claims, and works a forfeiture of those claims if not asserted within two years, the provisions of [the medical malpractice act's disability tolling provision for minors] are too severe an interference with a minor's state constitutionally enumerated right of access to the courts to be justified by the state's interest in remedying a perceived medical malpractice crisis."

*Id.* at 12 (footnote omitted).

In *Johnson,* our supreme court considered and rejected a challenge to the Act's statute of limitations and disability tolling provision for minors based upon Article I, § 12 of our Constitution and the federal due process clause. There the court held:

"The prior statutes ... gave a child ... as long as 23 years [2] to bring a malpractice suit. This legal disability granted to infants imposed a liability upon health care providers who help children which is unique in nature and extent. Institutional and individual health care providers make services available to hundreds, even thousands, of children in a single year. Children are particularly prone to certain diseases and minor accidental injuries. Each instance in which a child is given health care, the potentiality for a suit years in the future is created for some obstetrician, pediatrician, family practitioner or dentist to name but a few health care providers so affected.

"The general purpose of a statute of limitation is to encourage prompt presentation of claims. When any alleged tortfeasor is required to defend a claim long after the alleged wrong has occurred, the ability to successfully do so is diminished by reason of dimmed memories, the death of witnesses, and lost documents. As the years between injury and suit increase, so does the probability that the search for truth at trial will be impeded and contorted to the benefit of the plaintiff. This harm can be exacerbated where the injured party continues to grow, develop and change, both physically and mentally, after the injury complained of has occurred. Even under the statute complained of here, the health care provider is subject to defend suits initiated as long as eight years after the injury complained of.

"In balancing the interests involved here, the Legislature may well have given consideration to the fact that most children by the time they reach the age of six years are in a position to verbally communicate their physical complaints to parents or other adults having a natural sympathy with them. Such communications and the persons whom they reach may to some appreciable degree stand surrogate for the lack of maturity and judgment of infants in this

2. The 23 year period is calculated upon an age of majority of 21 years of age. With the age of majority now 18, IC 1–1–4–5(21), the period referred to by the court would be 20 years.

matter. The Legislature may well have considered the fact of some importance that many health care providers are specially trained professional persons meeting state standards for licensing, and are therefore entitled to a special degree of trust.

"In considering this challenge we regard the traditional test of constitutionality to be applicable and that considerable deference should be accorded the manner in which the Legislature has balanced the competing interests involved. The purposes of this Act ... are furthered in a rational manner by limiting the legal disability of infants to those under six years of age, and the classification of those entitled to legal disability by age and type of claim bears a fair and substantial relationship to that same end."

*Id.* at 403–05, 404 N.E.2d at 603–04 (citations omitted). The *Johnson* court directly addressed and decided the due process claims Ledbetter raises here; we are bound by that decision.

### ISSUE TWO: Does the Act's disability tolling provision for minors violate equal protection guarantees?

Ledbetter contends that application of the Act's legal disability tolling provision which required her to file her malpractice claim by her eighth birthday, rather than the general legal disability tolling provision which would allow her to file her claim by her twentieth birthday, denies her equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, § 23 of the Indiana Constitution. Ledbetter argues that the Act's legal disability tolling provision is constitutionally invalid because it distinguishes between a minor plaintiff who brings a medical malpractice claim and thus is subject to the Act's short disability tolling period and a minor who has an ordinary tort claim and is, therefore, subject to the much longer general disability tolling provision of IC 34–1–2–5. The equal protection clause of the Fourteenth Amendment to the United States Constitution in relevant part provides that: "No state shall ... deny to any person within its jurisdiction the equal protection of the laws." Article I,

§ 23 of the Indiana Constitution provides that: "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens."

A number of other jurisdictions have held that similar limited disability tolling provisions in state medical malpractice acts or governmental tort claim acts deny minors equal protection. Ledbetter relies upon these cases to support her claim that the Indiana Act's disability tolling provision for minors also denies minors equal protection.

In *Carson v. Maurer* (1980), 120 N.H. 925, 424 A.2d 825, the New Hampshire Supreme Court found several constitutional infirmities in that state's medical malpractice act. That act contained a two-year statute of limitation and a special disability tolling provision that tolled application of the statute of limitation until the minor's eighth birthday, thereby requiring that a minor with a malpractice claim bring it within two years of the event or by the minor's tenth birthday, whichever is later. New Hampshire had a more general disability tolling provision, similar to Indiana's, which applied to claims other than those for medical malpractice. The court found that:

> "The legislature may not, consistent with equal protection principles, deny only this class of medical malpractice plaintiffs the protection afforded all other persons by the [general] saving statute. In doing so, [the act] does not substantially further the legislative object of containing the costs of the medical injury reparations system because the number of malpractice claims brought by or on behalf of minors ... is comparatively small. At the same time, the statute operates to extinguish a cause of action of which the plaintiff, due to his disability, may not have learned until after the limitations period has expired. [This portion of the medical malpractice act] unfairly burdens and discriminates against medical malpractice plaintiffs, and we therefore hold that it denies such plaintiffs equal protection of the laws."

*Id.* at 936–37, 424 A.2d at 834 (citations omitted).

The Ohio Supreme Court, in *Schwan v. Riverside Methodist Hospital* (1983), 6 Ohio St.3d 300, 452 N.E.2d 1337, held that the provision of the state's medical malpractice act which tolled the act's statute of limitation for a minor until the minor's tenth birthday was a denial of equal protection. The court found that the act's use of a minor's tenth birthday as the end of the tolling period was unreasonable, holding that "it is the age of majority which establishes the only *rational* distinction." *Id.* at 302, 452 N.E.2d at 1339 (emphasis in original).

In *Lyons v. Lederle Laboratories* (1989), S.D., 440 N.W.2d 769, the South Dakota Supreme Court also invalidated the disability tolling provision of that state's medical malpractice act which tolled the act's statute of limitation for a minor until the minor's sixth birthday. The court there first found that the act created "an arbitrary classification of minors who have medical malpractice claims as opposed to minors with any other kind of tort claim." *Id.* at 771. The court then held that such classification "is not rationally related to the legitimate purpose to alleviate the medical malpractice crisis[, and t]herefore ... violates equal protection provisions of both the United States and South Dakota Constitutions...." *Id.* at 772.

Finally, in *Whitlow v. Board of Ed. of Kanawha Cty.* (1993), 190 W.Va. 223, 438 S.E.2d 15, the West Virginia Supreme Court of Appeals held that state's statute of limitation and tolling provision for claims by minors brought against political subdivisions violated the equal protection clause of the state constitution. That state's governmental tort claims act contained a two-year statute of limitation and tolled the limitation period for a minor until the minor's tenth birthday. The state's general disability tolling provision provided for a longer tolling period for minors with claims against other classes of tortfeasors. The court held that there was no rational basis for a shorter tolling period for claims by minors against political subdivisions and the special disability provision denied equal protection to minors with claims against political subdivisions. *Id.* at 23.

Our supreme court, in *Johnson* and *Rohrabaugh v. Wagoner* (1980), 274 Ind. 661, 413 N.E.2d 891, has twice addressed equal protection challenges such as Ledbetter makes here. In *Rohrabaugh,* the court held that:

> "[T]here exists a reasonable basis for the legislature to strengthen the statute of limitation in malpractice cases and in furtherance thereof to conclude that children of this class and adults are similarly circumstanced with regard to their abilities to bring malpractice actions. There can be no doubt that this measure is a stern one and will have harsh application in individual cases. However, a court has no authority to annul a statute because of that fact. In including children of this class with adults for these purposes, the aim of the statute was furthered in a manner consistent with the protection afforded by our State and Federal Constitutions to equal protection of the laws."

*Id.* at 667–68, 413 N.E.2d at 895. In response to the Defendants' argument that our supreme court has already heard and rejected the equal protection argument made here by Ledbetter, she contends that the court in *Johnson* and *Rohrabaugh* did not consider the equal protection implications of different disability tolling periods for minors based upon the type of claim alleged.

In fact, in *Johnson,* our supreme court considered whether the legislature's use of a different tolling period for minors with medical malpractice claims denied such minors equal protection, and concluded that it did not. The court held that:

> "In considering this challenge we regard the traditional test of constitutionality to be applicable and that considerable deference should be accorded the manner in which the Legislature has balanced the competing interests involved. The purposes of this Act ... are furthered in a rational manner by limiting the legal disability of infants to those under six years of age, and the classification of those entitled to legal disability by age *and type of claim* bears a fair and substantial relationship to that same end."

*Id.* at 404–05, 404 N.E.2d at 603–04 (citations omitted; emphasis added).

In *Johnson,* our supreme court treated the state privileges and immunities clause found in Article I, § 23 of Indiana's Constitution and the equal protection clause of the Fourteenth Amendment to the United States Constitution as coextensive, and applied the same analysis in determining that the medical malpractice act did not offend either the state or federal constitutions. More recently, however, our supreme court has held that the state and federal clauses should be given independent interpretation and application: "We conclude that there is no settled body of Indiana law that compels application of a federal equal protection analytical methodology to claims alleging special privileges or immunities under Indiana [Constitution, Art. I] Section 23 and that Section 23 should be given independent interpretation and application." *Collins v. Day* (1994), Ind., 644 N.E.2d 72, 75. Because our supreme court no longer treats the federal equal protection clause and the state privileges and immunities clause as coextensive, *Johnson* can no longer stand as authority that the Act meets the constitutional requirements of Art. I, § 23 of the Indiana Constitution.

■ The *Collins* opinion was issued on November 28, 1994 and first printed in West Publishing Company's advance sheets in February 1995, subsequent to the trial court's consideration of and ruling upon the Defendants' motion. Therefore, neither the trial court nor the parties had the benefit of the new analytical methodology set forth in *Collins.* Our supreme court has "anticipate[d] that our independent state privileges and immunities jurisprudence will evolve in future cases facing Indiana courts to assure and extend protection to all Indiana citizens in addition to that provided by the federal Fourteenth Amendment." *Id.* at 81. We believe that this jurisprudential evolution can be best fostered here by reversing the trial court's finding that the Act is constitutional under the state privileges and immunities clause and remanding this case for reconsideration in light of the new method of analysis announced in *Collins.* On remand, of course, the burden remains upon the party challenging the constitutionality of the Act to "nega-

tive every reasonable basis for the [challenged] classification...." *Id.*

Reversed and remanded.

FRIEDLANDER and RILEY, JJ., concur.