**Michael CUNDIFF, by his parents and natural guardians, Charles CUNDIFF and Betty Cundiff, Appellants (Plaintiffs Below),**

v.

**DAVIESS COUNTY HOSPITAL and Sarita Aneja, M.D., Appellees (Defendants Below).**

No. 14A04-9501-CV-11.

Court of Appeals of Indiana.

Oct. 12, 1995.

Transfer Denied March 15, 1996.

Mary A. Findling, Stephanie L. Franco, Price & Barker, Indianapolis, for Appellant.

Danny E. Glass, Fine & Hatfield, Evansville, for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Plaintiff Michael Cundiff appeals the trial court's order granting Defendant Daviess County Hospital's (Hospital) motion for summary judgment.

We affirm in part, and reverse and remand in part.

### ISSUE

Whether the statute of limitations for minors contained in Indiana's Medical Malpractice Act is violative of Michael's constitutional rights to due process and equal protection.

## FACTS

Michael Cundiff was born on September 7, 1982 at the Daviess County Hospital. Shortly after his birth, Michael developed pneumonia. Michael's hospital records reflect that he was given an overdose of the antibiotic Kanamycin, and Hospital does not dispute this fact.

On August 9, 1983, Michael was adopted by Charles and Betty Cundiff. As Michael grew, the Cundiffs noticed he was not developing normally. They later discovered Michael was mentally retarded. The Cundiffs also discovered that Michael had a high frequency hearing loss and a speech impediment.

In December of 1990, approximately three months after Michael's eighth birthday, the Cundiffs were advised by one of Michael's doctors that the Kanamycin overdose possibly caused Michael's hearing loss.

Almost three years later, on September 21, 1993, the Cundiffs filed a proposed complaint for damages on Michael's behalf with the Indiana Department of Insurance. Hospital filed a motion for summary judgment alleging that Michael's complaint was time-barred by the statute of limitations found in Ind. Code 27–12–7–1(b) which provides:

> (b) A claim, whether in contract or tort, may not be brought against a health care provider based upon professional services or health care that was provided or that should have been provided unless the claim is filed within two (2) years after the date of the alleged act, omission or neglect, except that a minor less than six (6) years of age has until the minor's eighth birthday to file.

The Cundiffs responded to Hospital's motion by alleging that the statute of limitations was unconstitutional. After a hearing, the trial court granted Hospital's motion for summary judgment.

## DECISION

### I. DUE PROCESS

■ The Cundiffs first argue the statute of limitations found in I.C. 27–12–7–1(b) violates Michael's constitutional right to due process at both the federal and state levels. The due process clause of the Fourteenth Amendment to the United States Constitution provides in pertinent part:

> No state shall ... deprive any person of life, liberty, or property, without due process of law....

Article 1, § 12 of the Indiana Constitution provides:

> All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely; and without denial; speedily, and without delay.

In an effort to demonstrate why I.C. 27–12–7–1(b), which provides that an injured minor under the age of six has until his or her eighth birthday to bring suit against a medical provider, violates Michael's due process rights, the Cundiffs point to Indiana's general statute of limitations for persons with legal disabilities which provides:

> Any person being under legal disabilities when the cause of action accrues may bring his action within two (2) years after the disability is removed.

Ind.Code 34–1–2–5. The phrase "under legal disabilities" refers to "persons less than eighteen (18) years of age, mentally incompetent, or out of the United States." Ind.Code 1–1–4–5(21).

In comparing the provisions of I.C. 27–12–7–1(b) and I.C. 34–1–2–5, the Cundiffs argue that "[u]nder Indiana's Medical Malpractice Act, Michael is treated differently than minor victims of other tortfeasors," Appellant's Brief at 6, because the Act "unjustifiably infringes on his fundamental right of access to the courts...." Appellant's Brief at 19. Thus, because access to the courts is a fundamental right, the Cundiffs contend, the statute of limitations found in the Indiana Malpractice Act as it applies to minors is unconstitutional unless it furthers a compelling state interest.

This court recently addressed an argument nearly identical to that advanced by the Cundiffs in *Ledbetter v. Hunter* (1995), Ind.App., 652 N.E.2d 543, wherein the plaintiff, Ledbetter, alleged the defendant doctors and

hospital caused her serious, permanent physical and mental injuries during her birth on November 25, 1974. Ledbetter filed a medical malpractice claim within two years of her eighteenth birthday. The defendants moved to dismiss Ledbetter's complaint, contending her claim was time barred by I.C. 27–12–7–1(b). The trial court granted the defendant's motion.

On appeal, Ledbetter in part claimed the provisions of I.C. 27–12–7–1(b) violated her constitutional right to due process of the law because it "impinged upon her fundamental right of meaningful access to the courts." *Id.* at 2. Therefore, she contended, the general statute of limitations for persons under legal disabilities found at I.C. 34–1–2–5 should be applied to her medical malpractice claim.

After reviewing case law from other jurisdictions which held similar statutes of limitation to be violative of a minor's fundamental right to access the courts,[1] this court nevertheless concluded that it was bound by our supreme court's decision in *Johnson v. St. Vincent* (1980), 273 Ind. 374, 404 N.E.2d 585, wherein it considered and rejected a challenge to the Medical Malpractice Act's statute of limitations and the general statute of limitations for persons under legal disabilities based upon Article I, § 12 of the Indiana Constitution and the federal due process clause.

Thus, despite the Cundiffs' allegation that our supreme court's decision on this issue in *Johnson* "is merely an advisory opinion and is not binding precedent," Appellant's Brief at 23, we conclude, as we did in *Ledbetter*, that we are bound by our supreme court's determination in *Johnson* that I.C. 27–12–7–1(b) does not violate the due process rights of minors. The trial court did not err in granting Hospital's motion for summary judgment on the due process issue.

**1.** *Sax v. Votteler* (1983), Tex., 648 S.W.2d 661; *Strahler v. St. Luke's Hospital* (1986), Mo., 706 S.W.2d 7.

**2.** In *Rohrabaugh v. Wagoner* (1980), 274 Ind. 661, 413 N.E.2d 891, our supreme court noted

## II. EQUAL PROTECTION

■ For essentially the same reasons, the Cundiffs claim I.C. 27–12–7–1(b) violates Michael's federal and state constitutional right to due process of the law, they also claim I.C. 27–12–7–1(b) violates Michael's federal and state constitutional right to equal protection. In support of their contention, the Cundiffs advance various statistics in an effort to demonstrate why the state interest underlying the Medical Malpractice Act's statute of limitations—the threat of a reduction in available healthcare services—either never was, or no longer is, compelling.[2] Thus, the Cundiff's posit, no justification exists for "treating minor victims of medical malpractice claims differently than minor victims of other torts...." Appellant's Brief at 18.

The equal protection clause of the Fourteenth Amendment provides in part:

> No state shall ... deny to any person within its jurisdiction the equal protection of the laws,

while Article 1, § 23 of the Indiana Constitution provides:

> The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens.

Again, this court recently addressed the issue now raised by the Cundiffs in *Ledbetter, supra*. We noted our supreme court addressed and rejected this equal protection challenge to the Medical Malpractice Act's statute of limitations as it applies to minors in *Johnson, supra*, as well as in *Rohrabaugh, supra* n. 2, wherein the court stated "[q]ualifications of this sort upon the access to the courts in civil matters do not require the state to furnish a compelling interest in justification." *Id.*, 413 N.E.2d at 893.

■ In *Johnson*, our supreme court treated the equal protection clause of the Fourteenth Amendment to the United States Con-

"[t]he Medical Malpractice Act is a legislative response to the reduction of health care services available to the public in the state. *Id.*, 413 N.E.2d at 894. *See also Johnson, supra*, 404 N.E.2d at 589–90.

stitution and the privileges and immunities clause found in Article 1, § 23 of the Indiana Constitution as coextensive, and applied the same analysis in determining that the Medical Malpractice Act did not offend either the state or federal constitutions. *Ledbetter, supra* at 550.

However, in *Ledbetter,* we also recognized our supreme court's recent holding in *Collins v. Day* (1994), Ind., 644 N.E.2d 72:

> [w]e conclude that there is no settled body of Indiana law that compels application of a federal equal protection analytical methodology to claims alleging special privileges or immunities under Indiana Section 23 and that Section 23 should be given independent interpretation and application.

*Id.* at 75.

In *Collins,* our supreme court determined that independent interpretation and application should revolve around the following new analysis:

> First, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics which distinguish the unequally treated classes. Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated. Finally, in determining whether a statute complies with or violates Section 23, courts must exercise substantial deference to legislative discretion.

*Id.* at 80.

Thus, we determined as follows in *Ledbetter:*

> [b]ecause our supreme court no longer treats the federal equal protection clause and the state privileges and immunities clause as coextensive, *Johnson* can no longer stand as authority that the Act meets the constitutional requirements of Art. I, § 23 of the Indiana Constitution.

*Ledbetter, supra* at 550. Accordingly, we reversed the trial court's order finding the statute of limitations found in I.C. 27–12–7–1(b) to be constitutional under the state's privileges and immunities clause, and remanded for reconsideration in light of the new method of analysis required by *Collins. Id.* We do the same here.

Thus, in summary, the trial court's order granting Hospital's motion for summary judgment is affirmed with respect to the Cundiffs' federal and state due process arguments. Furthermore, while we affirm the trial court's order with respect to the Cundiffs' federal equal protection argument, we reverse the trial court's order as to the Cundiffs' state equal protection argument and remand with instructions to apply the *Collins* analysis.

Affirmed in part, and reversed and remanded in part.

KIRSCH, J., concurs.

RUCKER, J., dissents with separate opinion.

RUCKER, Judge, dissenting.

I respectfully disagree with the majority's decision to remand. In *Collins v. Day* (1994), Ind., 644 N.E.2d 72, our supreme court set forth a new analytical framework for evaluating statutory compliance with Article I, Section 23 of the Indiana Constitution. Acknowledging that the trial court's ruling on defendants' motion for summary judgment in *Ledbetter v. Hunter* (1995), Ind.App., 652 N.E.2d 543, was issued prior to *Collins,* we remanded the case for further consideration in light of the new method of analysis. *Ledbetter,* 652 N.E.2d at 550. In the case before us, the ruling on defendants' motion for summary judgment was also issued prior to *Collins.* Here, however, when scheduling oral argument we specifically directed the parties to "familiarize themselves with the opinion in *Ledbetter* and be prepared to discuss that opinion and its application to the facts of this case." The parties appropriately complied, and on August 15, 1995 both sides presented compelling and persuasive arguments. When we inquired as to what additional evidence might be submitted to the trial court should we order remand, or what additional arguments might be presented on possible remand, counsel for appellants indicated that he would rely on the evidence already submitted, and that his argument would be substantially the same as presented

before this court. The reply from counsel for appellees was somewhat equivocal.

In any event, as outlined in *Collins,* Article I, Section 23 of the Indiana Constitution imposes two requirements upon statutes that grant unequal privileges or immunities to different classes of persons: (1) the disparate treatment accorded the legislation must be reasonably related to inherent characteristics which distinguish the unequally treated classes, and (2) the preferential treatment must be uniformly applicable and equally available to all persons similarly situated. *Id.* at 80. The questions squarely before us include the following: Who are the unequally treated classes to be compared in this case? Are they the health care providers who allegedly engage in acts of negligence verses non-health care providers who allegedly engage in acts of negligence? If so, is the different treatment of the two classes based upon distinctive, inherent characteristics? What are the inherent characteristics? Is the unequal treatment reasonably related to such characteristics? On the other hand, are the unequally treated classes here composed of the children, those allegedly injured by health care providers versus those allegedly injured by non-health care providers? Is the different treatment of the two classes of children based upon distinctive, inherent characteristics? What are they and how is the unequal treatment reasonably related to them? Does it make a difference how the class is characterized? Why or why not?

Given the nature of this case, the state of the record before us, and the representations made by counsel at oral argument, it is my view that the trial court is in no better position than is this court to tackle the very difficult questions posed here. Remand is unnecessary. We should address on its merits whether the limitation provisions of the Medical Malpractice Act are violative of Article I, Section 23. Therefore I am compelled to disagree with the majority on this point. In all other respects I concur.